## PARKER *et al.* *vs.* W. M. & R. J. LOWRY.

Where, on a loan of money, it was agreed that a certain amount should be added for interest up to a specified time, which amount was in excess of legal interest, and it was accordingly added to the amount loaned, and for the aggregate sum notes were given, payable at a time specified and providing that they should bear interest at the rate of 8 per cent. per annum after maturity, under a plea of usury to a suit on the notes, the holder would be entitled to the principal, with legal interest thereon, from the date of the notes, and he did not forfeit all interest prior to their maturity by reason of the consolidation of the usury with the principal into one sum.

(a) The case in 66 Ill. 532, was based on a statute which provided for a forfeiture of the interest and excess of interest where usury was charged, and allowed only the principal to be recovered.

December 3, 1887.

Interest and Usury. Promissory Notes. Before Judge WELLBORN. Lumpkin Superior Court. April Term, 1887.

Reported in the decision.

PRICE & CHARTERS; R. H. BAKER, by brief, for plaintiffs in error.

WIER BOYD, by brief, for defendants.

SIMMONS, Justice.

It appears from the record that on the 29th of January, 1886, John A. Parker borrowed from A. H. McAllister

$1,500, and it was agreed that the sum of $500 should be added for interest up to the 1st of January, 1887, making the sum of $2,000,—for which twenty-three promissory notes were given, each for $90, except one, which was for $20, and each being made payable to Joseph P. Parker or bearer. He immediately assigned the notes to A. H. McAllister. The following is a copy of one of the notes, all of them being the same, except as to amount as stated :

"$90.00.                    DAHLONEGA, GA., January 29th, 1886.

By the 1st of January next, I promise to pay J. P. Parker or bearer the sum of ninety dollars, with interest after maturity at the rate of eight per cent. per annum until paid."

(Then follows an agreement as to ten per cent. attorneys' fees, and waiver of homestead.) Signed, John A. Parker; endorsed, Joseph P. Parker.

These notes were subsequently transferred to W. M. & R. J. Lowry by McAllister, to secure a loan of $1,000. At maturity the notes were not paid. Twenty-three suits were commenced in a justice's court on the notes. By consent of the parties, the suits were appealed to the superior court and there consolidated.

The defendants pleaded usury. The evidence discloses that John A. Parker got $1,500 of the money from McAllister, and gave his notes for $2,000. Joseph P. Parker was made the payee to satisfy McAllister, who said he was not lending money but "shaving paper." Under the charge of the court, the jury found for the plaintiffs the sum of $1,500 principal, and $147.60 interest, the interest being computed from the date of the notes to the judgment. The defendants made a motion for a new trial, which was overruled by the court, and they excepted.

The main ground insisted on before us is the 3d, which is as follows: "Because the court charged the jury, 'If you believe from the evidence that it was the intention of the parties, at the time the loan took place, to charge any interest thereon from that time, then you are authorized to find a greater sum than the amount actually loaned,

by adding such amount of interest to the principal sum from the date of the notes—that is, interest on the actual sum loaned, from the date of the notes.'" The defendants' counsel insisted that, as the notes show on their face that interest is only to be paid after their maturity, the plaintiffs were not entitled to interest from the date of the notes. In other words, that having consolidated the principal and usury in the notes when given, and the notes specifying that they were to bear eight per cent. interest only after maturity, when the usury was stricken out, no interest was due or could be collected from the date of the notes up to maturity.

We think the court was right in the above charge. It is evident that the maker of the notes intended to pay interest from the date of the notes up to maturity; because he included the interest in the notes as principal. It is true that McAllister charged him too much interest; he charged about 37½ per cent. a year, when, under the statute, he could only charge legally eight per cent.; but his having charged too much does not forfeit the whole amount of interest in the notes. Under our statute, section 2057(a), he only forfeits the excess of interest; and he was entitled to the legal interest from the time Parker borrowed the money up to the maturity of the notes, as charged by the court.

In the case of *Williams vs. The Griffin Banking Company*, 64 *Ga.* 183, this court held that "it makes no difference whether the usury is blended with the principal of the loan, with no actual expression of the rate charged, or whether the true principal is stated separately, and the rate mentioned in so many words"; and that where the contract was made for more than the conventional rate of interest, the excess was invalid and the conventional rate valid.

In the case of *Tribble vs. Anderson*, 63 *Ga.* 56, this court says: "It was insisted, as matter of law, that when the statute allowed a conventional rate of interest

higher than the general rate, on condition that the con-
tract therefor was in writing, the rate stipulated for or
agreed on had to be expressed in the writing, and that to
add the principal and interest together, giving a note for
the aggregate, would not be a compliance with the statute.
We think otherwise. The statute merely intended to dis-
tinguish between written and parol contracts, declaring the
former effectual and the latter not. The promise to pay
might be so much in a round sum, provided the statutory
limit as to rate was not exceeded, and if the promise and
the sum were evidenced by writing, the contract would be
in writing."

We think, therefore, that Parker, having agreed to pay
usurious interest, and having consolidated it with the prin-
cipal, and having agreed in writing to pay eight per cent.
after maturity, when the notes were purged of usury, he
was liable for the principal and the conventional rate of
interest agreed on in the contract. We therefore hold that
there was no error in the charge of the court as set out
in the 3d ground of the motion, nor in his refusal to
charge as set out in the 4th ground thereof.

The decision relied upon by counsel for the plaintiff in
error (Wildey vs. Morrison, 66 Illinois, 532,) was based
upon the statute of that State, providing that when usury
was charged, the lender forfeited the interest and excess
of interest, and that only the principal could be recovered.

Judgment affirmed.