## JONES *vs.* HOLCOMBE.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

Notes given in 1876 for excess of interest over seven per cent., upon
money loaned in 1873 upon a verbal contract to pay eighteen per

centum per annum, are without a legal consideration, and no recovery can be had thereon.

Interest and usury.   Promissory notes.   Contracts.   Before Judge RICE.   Gwinnett Superior Court.   March Term, 1878.

Reported in the opinion.

WINN & SIMMONS; J. N. GLENN; N. L. HUTCHINS, for plaintiff in error, cited: Code, §2727; acts 1873, p. 52; 57 *Ga.*, 601; Code, §2724; acts 1875, p. 105; 1 *Kelly,* 392; 22 *Ga.*, 192; 2 Bouv. L. D., 618; Smith on Con., top p. 200 and note; 56 *Ga.*, 210.

F. F. JUHAN, by W. W. CLARK, for defendant.

JACKSON, Judge.

This was an appeal from the justice court, and came up *de novo* to the superior court.   The suit was on four notes, each for $94.60, dated January 4th, 1876, and payable one day after date, and agreed in the superior court to be tried together.   They were given for excess of interest for the loan of money, borrowed on the 18th of June, 1873.   The question is, can this excess of interest be recovered?

When the money was borrowed, the contract at 18 per cent. would have been good had it been in writing; but it was verbal.   It was, therefore, bad.   See acts of 1873, p. 52.

But it is argued that it has been put in writing since   To this the reply is, that it has not been put in writing.   The notes sued on are not the contract of 1873.   They are promissory notes to pay certain interest which sprung out of that contract; but in no sense can they be considered that contract, or a reduction of that contract to writing.

So that the question narrows itself to this: can these notes, based upon no valid consideration, to-wit: the verbal contract of 1873 to pay 18 per cent., and every cent of them being for excess of interest over 7 per cent., be legally

recovered? We think not, and are constrained to reverse the judgment and grant a new trial. The case is covered by the principle decided in *Broach vs. Barfield*, 57 *Ga.*, 601.

Judgment reversed.