## FINNEY *vs.* BRUMBY, trustee.

1. To complaint for land in 1879, a defendant pleaded as follows: Defendant's husband owed plaintiff $1,400.00. He went into bankruptcy, and she claimed a homestead in the property in controversy; this claim was contested by plaintiff. A settlement was had by which the assignee sold the property free from liens, plaintiff bid it in and gave defendant bond to convey title to her on payment of the amount of his bid with interest at twelve per cent. The payment was to be in installments. Part of them had been paid, others had not. On the $1,400.00 defendant's husband had paid interest at the rate of two and one-half per cent per month—the usury paid from January 2d, 1873, to August 1st, 1875, amounting to $513.92. The defendant sought to set this off against the amount still due plaintiff and also claimed that the assignee's deed was void because made to secure the payment of this usurious debt:

*Held,* that the pleas of usury were barred by the statute of limitations and were properly stricken on motion.

2. A plea to complaint for land that the sheriff had previously levied on the interest of both plaintiff and defendant under a justice court *fi. fa.*, had sold and conveyed the same to a third party, who still held paramount legal title, that plaintiff acquiesced therein, but defendant had filed her bill to set aside the sale, which was still pending, was properly stricken, there being no allegation as to the grounds for setting aside such sale.

3. Under the facts there was no error in allowing the verdict to stand.

Interest and usury. Pleadings. Verdict. Before Judge HILLYER. Fulton Superior Court. September Term, 1879.

To the report contained in the decision it is only necessary to add the following:

Brumby, trustee, brought complaint for land against Mrs. Finney, claiming title under a deed from the assignee in bankruptcy of Finney, defendant's husband. She filed the pleas set out in the decision, in 1879. On motion the court struck the last three. Plaintiff's counsel then admitted the facts stated in the second plea, and took a verdict accordingly. Defendant excepted.

JNO. A. WIMPY ; E. N. BROYLES, for plaintiff in error.

Finney *vs.* Brumby, trustee.

W. I. HEYWARD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the possession of a tract of land therein described. The defendant filed the following pleas, to-wit:

(1.) For plea defendant says she is not guilty of the trespasses alleged against her, and of this she puts herself upon the country.

(2.) For further plea defendant says the land in dispute formerly was owned by A. T. Finney, her husband, and he was indebted to plaintiff the sum of $1,400.00 for borrowed money, besides interest; that said A. T. Finney, being a resident of the county of Fulton in said state and a head of a family, was put into bankruptcy in the bankrupt court; defendant was urging her claim for a homestead in the property in dispute or from the proceeds of the sale thereof, and this claim was disputed by said plaintiff. In this condition it was agreed between plaintiff and defendant and the assignee of said A. T. Finney in bankruptcy, that the property in dispute be sold by said assignee, free from all liens and incumbrances, and that plaintiff should buy in the same and then let the defendant have it at the price bid in by plaintiff. Said property was sold accordingly and bid in by plaintiff for the sum of $2,650.00, and then defendant took bond for title to the property in dispute from plaintiff and promised him to pay him said sum in several installments, bearing interest at twelve per cent. per annum. Some of said installments are due and unpaid, and some are not due. In pursuance of said purchase defendant paid plaintiff a part of the principal of said purchase money to-wit, $600.00, and interest on the whole sum for some two years. There is still due on said purchase the sum of $2,800.00, or about that sum. The property sued for is well worth the sum of $4,000.00. Defendant has found

herself unable from her poverty to meet promptly said purchase money. Defendant therefore prays the court to restrain plaintiff from recovering and taking possession of the property in dispute, and that a decree be rendered directing the sale of said property, and that out of the proceeds of said sale the debt due plaintiff be paid first, and the residue turned over to defendant, and that such other relief be granted defendant in the premises as shall be right and equitable, and defendant will ever pray, etc.

(3.) Defendant further says A. T.Finney paid for the use of said sum of $1,400.00, so by him borrowed from plaintiff, under agreement to that effect, interest at the rate of two and a half per cent. per month for nineteen months, beginning January 2d, 1873, and continuing till August, 1875, being $513.92 more than legal interest, and which sum was never credited on said claim, and to secure the payment of said claim uncredited by said sum of $513.92, as defendant is advised and believes should, in contemplation of law, have been done, the arrangement aforesaid was made between plaintiff, defendant, A. T. Finney, and the assignee in bankruptcy, to formally sell the property in dispute, and the sale be made to plaintiff, and defendant insists that the amount due plaintiff should be reduced by the said sum of $513.92—as if credited August 1st, 1875.

(4.) Defendant further pleads the facts set forth in the former plea and its amendments, and says the deed made by the assignee in bankruptcy of A. T. Finney to plaintiff for the property in dispute, is void by reason of said facts, and as the same was made to secure the payment of a usurious debt as aforesaid.

(5.) For further plea defendant pleads that on or about June 1st, 1879, the sheriff of Fulton county, under and by virtue of a justice court *fi. fa.*, levied on and sold said property in dispute, to-wit, all the interest of defendant and plaintiff in said property, to one W. I. Heyward, and made him a deed to the same, and in enforcement of his right said Heywood was proceeding to have the sheriff turn defendant

out of possession of said property, and defendant was com-pelled to file a bill in equity to restrain said sheriff from turning defendant out of possession of said property, and to seek a decree to set aside said sale. Said suit is still pending in the superior court of Fulton county, and the par-amount legal title is still in said Heyward and not in plain-tiff, and defendant says plaintiff consented to, and still ac-quiesces in, said sheriff's sale; and this the defendant is ready to verify.

On motion of plaintiff's attorney the pleas filed in the above case were stricken, with the exception of the first and second pleas.

The jury returned the following verdict on the second plea:

" We, the jury, find that there is due to the plaintiff on account of purchase money of the premises in dis-pute, the sum of two thousand eight hundred dollars; and we find that the defendant be allowed thirty days within which to pay the same, and that in default of such payment the said property be sold, and out of the proceeds of said sale the said sum of two thousand eight hundred dollars be paid to the plaintiff (in full satisfaction of all de-mands for purchase money, tax and insurance), and the balance, after paying costs of this suit and of said sale, be paid to the defendant.

1. The pleas in regard to the usury come within the principle ruled by this court in *Everett vs. The Planters Bank*, 61 *Ga.*, 38, and are controlled by it.

2. The fifth plea is defective because it does not allege the ground upon which the complainant in her bill seeks to set aside the sale of the land. If she seeks to set it aside on the ground that the sale was void, then there was no outstanding title in Heyward which would defeat the plain-tiff's recovery. There was no error in striking the third, fourth and fifth pleas of the defendant.

3. Under the statement of facts disclosed in the record there was no error in allowing the verdict to stand.

Let the judgment of the court below be affirmed.