## LANIER *vs.* COX *et al.*

1. Where a borrower, in 1876, received from a lender $150.00, but gave notes for $172.00 with twelve per cent. interest, this was in effect a reservation of more than legal interest, and wrought a forfeiture under the act of 1875.

2. Under the usury act of 1875, the penalty for taking more than legal interest was a forfeiture of the interest and the excess of interest. If it had already been paid it could be recovered by suit, or by way of set-off against a suit for the principal, within the time allowed by that act, but in either event—whether payment had been made or not—only interest (both legal and usurious) was forfeited, and the lender had a right to recover the principal actually loaned.

3. In this case the jury found for the plaintiff; the court granted a new trial unless he would write off not only the interest (both legal and usurious), but also a part of the principal. The judgment is affirmed with directions that the verdict stand if the plaintiff will write off all but the principal.

Interest and usury. Contracts. Promissory notes. Before Judge McCUTCHEN. Whitfield Superior Court. October Term, 1879.

Lanier sued Cox *et al.* in a justice court on two promissory notes, each dated October the 18th, 1876, due six months after date to one Treadwell or bearer, aggregating $172.00, with interest specified at twelve per cent., made by two of defendants, and indorsed by another (Treadwell). The defendants pleaded the general issue and usury. The justice rendered judgment for the plaintiff, and defendants appealed, and the cases were consolidated. On the trial in the superior court, it appeared that Lanier

received the notes directly from Cox, and paid to him $150.00 for them. The jury found for plaintiff. Defendants moved for a new trial on the ground that the verdict was contrary to law and evidence. On the argument, counsel for plaintiff asked the court to fix a sum which should be written off and the balance allowed to stand. The court announced that, under his view, plaintiff had forfeited all interest (legal and illegal), and could set-off against the principal such interest and excess of interest as had accrued within a year. The counsel for plaintiff declined to write the amount below $150.00, whereupon the court granted a new trial, and plaintiff excepted.

T. R. JONES, for plaintiff in error.

W. C. GLENN: I. E. SHUMATE, for defendants.

JACKSON, Justice.

This was a suit in a justice court, which was carried by appeal to the superior court, where the jury rendered a verdict for the plaintiff. A motion was made for a new trial, which was granted, and the plaintiff excepted. The court granted the new trial unless the plaintiff would write off, not only the excess of legal interest together with the legal interest, but a considerable part of the principal which was loaned, and which the defendant received from the plaintiff.

There can be no reasonable doubt but that interest beyond twelve *per centum* was exacted in this case, and by a contrivance between the borrower and lender this arrangement was attempted to be covered up. The act of 1875—see acts of 1875, p. 105, Supp. to Code, sections 368 *et seq.*—declares that interest beyond twelve *per centum* shall not be " reserved, charged or taken," " either directly or indirectly, by way of commissions for advances, discount, exchange, or by any contract or contrivance or device whatever." The court below decided

that there is satisfactory evidence of the exaction of greater interest than twelve *per centum per annum*, and in that view of the testimony this court concurs. Therefore there should have been the grant of a new trial, and the judgment must be affirmed; but we are unable to see that the act of 1875 authorizes the defendant to recover from the plaintiff—the borrower from the lender—any part of the principal sum loaned. The second section of the act is, "That any person, company or corporation violating the provisions of the foregoing sections of this act, shall forfeit the interest, and excess of interest, so charged or taken, or contracted to be reserved, charged or taken." The only forfeit, therefore, which the usurer is to lose is "the interest and excess of interest." The third section enacts "that the amount of forfeit as aforesaid, may be pleaded as a set-off in any action for the recovery of the principal sum loaned or advanced, by the defendant in said action? What may be pleaded as a set-off? Manifestly only "interest and excess of interest."

The fourth section of the act is, "that no contrivance or arrangement between parties to any such unlawful transaction, or their privies, shall have the effect to discharge such forfeiture, except it be *an actual and full payment of the amount so forfeited*." What is the amount so forfeited? The answer is the same—only the interest—the whole of the interest, legal and illegal, but no principal and no part thereof.

So section fifth enacts "that any plea or suit for the recovery of such forfeiture, shall not be barred by the lapse of time shorter than one year." Still it is seen that the forfeiture is the same, and when the interest has been actually paid, that can be recovered if it has not been paid more than twelve months prior to a suit therefor or a plea of set-off to an action brought on the note; but no part of the principal can be recovered if paid, by suit, but only interest, and nothing can be set off but interest. We

think, therefore, that the meaning of this act on this point is clear. The plaintiff may recover the money loaned—actually paid the borrower—but no interest; the defendant, if within twelve months he has paid the plaintiff interest, may set that off against the principal loaned, and thus get it back; but if he has failed to sue for it, if not sued himself, or to set it off if sued, and has allowed twelve months to elapse after paying it, without some effort to recover it back, then he can never recover it at all, but loses it forever. For instance, usurious interest has been paid year by year for five years by A to B, and B sues for the principal loaned; then A can set off all the interest he has paid during the twelve months next ensuing the payment, but he is barred from setting off that which he paid during the other four years, or that which he paid over twelve months before he puts in his plea.

The judgment granting the new trial is therefore affirmed, but it is ordered that the verdict stand, if the plaintiff will write off all but the principal sum loaned, which, as the two suits were tried together in the superior court, we understand, amounts to one hundred and fifty dollars.

Judgment affirmed.