## CHEAPSTEAD vs. FRANK et al.

Where notes were given for a loan at usurious interest, and various payments were made, without direction as to how they should be appropriated, and under no express contract to keep down interest or to satisfy the usury charged, there was no error in refusing to charge to the effect that such payments were made to satisfy the usury, and that as more than six montns had elapsed before this defence was set up, a claim that the note was usurious was barred by the statute of limitations. The statute of limitations relied upon to defeat this defence is alone applicable to suits brought to recover usury which has been paid, or to a set-off claiming such a demand.
February 2, 1884.

Interest and Usury. Statute of Limitations. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Cheapstead brought suits in a justice of the peace court on five promissory notes given by Mrs. Frank, as principal, and Moses Frank, as security, to the order of one Guild, and indorsed by him. The cases were carried to the superior court by appeal, and consolidated. The defendant filed a plea to the effect that she had borrowed an amount of money and given notes therefor; that various payments had been made, which were sufficient to pay off the principal and legal interest; that she then gave the notes sued on, and they were given entirely for the usury, and were therefore void. Most of the payments contended for were admitted, but there was a direct conflict in the testimony as to one of them. Plaintiff contended that, at the time the notes were given, there was a settlement, and the payments went to settle the usurious interest and a part of the principal, leaving the notes in suit for the balance.

It is unnecessary to detail the evidence. The jury found for the defendant. Plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the court refused to strike the plea, on motion, on the ground that the defence set up was barred by the statute of limitations.

(2.) Because the court refused to charge, as requested, "that if the third note of the original series for $1,136.00 was originally valid for $800.00 only, with seven per cent interest thereon, and the balance usurious, and if afterwards, to-wit, at the time of the giving of the notes here sued on, there was a settlement and accounting between the parties, and if said large note was taken into consideration as a note for $1,136.00, and payments previously made and then made applied to it as a note for that amount, namely, $1,136.00, and if thereon, by the intention of the parties, such payments were applied to such part of such note which was usurious as well as that which was not so, then I charge you that a failure to sue for or plead such payment or payments within six months thereafter, would be a bar by limitation of any right to set the same up here by the Franks as a defence in this action."

(3.) Because the court charged as follows: "If there had been payments made on such previous note, and these payments had been sufficient to discharge principal and lawful interest due on that note, and no other consideration entered into these notes sued on except the usury due on the first note, then it would be your duty to find for the defendant."

(4.) Because the court charged as follows: "If payments were made on the first note, the law would apply that first to the extinguishment of the lawful interest due on that, and next to the principal, and if they were made sufficient to extinguish the lawful principal and interest due on the first note, after first taking the usury from the first note (if there was any in it), and the notes sued on were given for the usury, then they would be void, and plaintiff could not recover."

(5.) Because the court failed to submit specifically to the jury the payment concerning which the evidence was conflicting, but submitted the question of payments made altogether.

HILLYER & BROTHER, for plaintiff in error.

MARSHALL J. CLARKE, for defendant.

HALL, Justice.

The question in this case was, whether the notes, the foundation of this suit, were without any consideration to support them. They were given in settlement of a loan at usurious rates of interest. The defendant contended that they were for a balance claimed to be due on this original transaction that she had paid the entire amount of the loan, together with the lawful interest due thereon. The plaintiff insisted that the original contract was purged of the usury, and that these notes were given for the balance found to be due when this had been done, including certain fees and costs which had been paid to an attorney, who had instituted proceedings to collect the original debt. It did not appear that the defendant had recognized her liability for this latter sum previous to the time the present notes were given, or that she had in any manner undertaken to pay it, or was legally liable therefor. It was admitted that there was usury in the original contract. The evidence as to the consideration of these notes was in direct conflict, and appears to have been pretty evenly balanced, with perhaps a preponderance in favor of defendant's account of the matter. It seems that these three notes, given for the first loan, were payable at different times; that the first note that fell due was paid and delivered to the maker; that at the same time a large credit was placed on the second note; that at different times two other credits were made on this, and the remaining note, two hundred dollars at one time and four hundred and twenty-five dollars at another time; and that, when the notes sued on were given, two hundred dollars were paid in cash. There was no direction as to how these various payments should be appropriated. They were not paid under any express contract to keep down interest or to

satisfy the usury charged. The plaintiff insisted that the payments were made to satisfy the usury, and that, as more than six months had elapsed before this defence was set up to the present suit, the claim that the note was usurious was barred by the statute of limitations. The court was requested to charge the jury to that effect, but declined so to do, and charged that directly the reverse of this was the law.

Both the refusal to charge as requested, and the charge as given, were proper under the law. 60 *Ga.*, 665; 42 *Ib.*, 451 ; Code, §2794; 22 *Ga.*, 193 ; 57 *Ib.*, 438 ; 54 *Ib.*, 190. This last case is in point as to the division of the debts into separate notes. The statute of limitations relied upon to defeat this defence is alone applicable to suits brought to recover usury which has been paid, or to a set-off claiming such a demand ; and the case relied upon by plaintiff, 64 *Ga.*, 510, as opposed to this view, sustains it, as will be evident, when reference is had to the decision in 61 *Ga.*, 38, cited by the court as governing that case.

It is insisted that the charge was erroneous as to the credits, because that there was no contest as to any of them, except one, and that this should have been distinguished from the others, and the charge should have noted that distinction, and should not have submitted to the jury to pass upon the entire amount and number of these credits, without directing their attention specially to the question made upon this one. The record does not show that any such point was made or decided by the court below ; indeed, it is apparent that such was not the case, and it is scarcely necessary to remark, that it is not properly here for determination on this writ of error.

Judgment affirmed.