Lilly *et al. vs.* DeLaperiere.

Husband and Wife. Trusts and Trustees. Promissory Notes. Before Judge STEWART. Spalding Superior Court. August Term, 1885.

Reported in the decision.

S. C. McDANIEL, for plaintiff in error.

BOYNTON & HAMMOND, for defendant.

---

LILLY *et al. vs.* DeLAPERIERE.

Under the act of 1879 (Acts 1878-9, p. 184), where suit was brought on a contract which bore on its face a higher rate of interest than seven per cent., it was incumbent on the plaintiff to show affirmatively that no greater rate than that specified in the contract had been taken; and a failure to do so would result in the loss of all interest, and only the principal, after deducting payments, could

be recovered. To a suit brought on such a contract a plea of payment would lie, although the amount paid was paid more than a year before the filing of the plea. On showing that a higher rate than that specified in the contract was taken, the result would be that the principal sum would bear no interest, and the payments made would go in extinguishment of the principal.

(*a.*) Whether or not the provision in the act of 1875, requiring the filing of certain pleas of usury within twelve months, was repealed by the act of 1879, the plea in this case was not one of those contemplated by such provision.

April 6, 1886.

Interest and Usury. Payment. Pleadings. Before Judge Estes. Hall Superior Court. August Term, 1885.

On July 29, 1884, DeLaperiere brought complaint against C. A. Lilly and John F. Lilly on a promissory note, dated November 28, 1880, by the defendants to the plaintiff or bearer for $1,120, with interest at eight per cent. from maturity and attorneys' fees and cost of collection. On this the following entries of credits appeared:

"Received on the within note one hundred and twenty dollars, this December 1st, 1880.

"Received the interest on this note to November 28, 1881, March 1, 1882.

"Received on this note four hundred and twenty dollars and twenty-five cents, May 23, 1882.

"Received on note three hundred and four dollars and 38–100 dollars, May 1st, 1883."

The defendants pleaded the general issue; that J. F. Lilly was only a surety and had been discharged; and that the note bore usury on its face, the real amount loaned, and for which the note was given, being $1,000 at twelve per cent., and interest for a year was added in the face of the note, bringing it up to the amount for which it was written; that this should be applied to the payment of the note; that C. A. Lilly had paid to the plaintiff $977.63 in the following payments: December 1, 1880, $120; November 28, 1881, $120; March 1, 1882, $420.25; May 23, 1882, $304.38, which, deducted from $1,000, the real amount

which can be collected on the note, left only a balance of $35.37 due; also a plea that, on November 28, 1881, defendant, C. A. Lilly, paid to the plaintiff $120 as usury, which was pleaded as a set-off.

The jury found for the plaintiff $296.63, principal, and $29.66, attorneys' fees. The defendants moved for a new trial, on the following among other grounds:

(1.) Because the court admitted in evidence the note sued on, over objection of the defendants, on the ground that it showed on its face that more than seven per cent. interest was charged, and that it was incumbent on the plaintiff to show by additional evidence that no greater than eight per cent. had been charged.

(2.) Because the court charged the jury as follows: " I charge you, gentlemen of the jury, that, although the contract was an usurious contract, and although Mr. DeLaperiere is not entitled to recover a larger sum than his principal, if you believe from the evidence in this case that any payments were made which were made as payments of interest, payments for indulgence on the loan, then such payments cannot be recovered back, neither can they be made a plea of set-off in this case to reduce the principal, because there were two parties to this contract, and the contract was an unlawful contract and both parties were equally at fault. If any payments were made for the interest on the note, Mr. Lilly cannot recover them back unless you find from the papers that he filed his plea within twelve months after the making of the last one of the payments. Of course, if there were any payments of the principal, they would go to reduce the debt, but if you are satisfied from the evidence that the payments made were made for the payment of the interest, and were so accepted by Mr. Lilly and receipted by Mr. DeLaperiere as a payment of the interest on the debt, then I charge you that Mr. Lilly cannot recover by a plea of set-off in this (case) to reduce the principal, unless you are satisfied that his plea was filed within twelve months after such payment."

The motion was overruled on condition that the plaintiff would write off $21.66, principal, and $2.13, attorneys' fees, which was done, and the defendants excepted.

W. F. FINDLEY; W. S. PICKRELL, for plaintiffs in error.

DUNLAP & THOMPSON, for defendant.

BLANDFORD, Justice.

The note sued on and contract of which it is the evidence were made in November, 1879, after the passage of the act of 14th October, 1879, to regulate and restrict the rate of interest in this State. Acts of 1879, 184. The first section allows eight per centum to be contracted for, and by section two any violation of section one forfeits all interest and excess of interest. The third section fixes seven per cent. as the legal rate of interest, where the rate per cent. is not named in the contract. By the fourth section it enacted, when an action is brought upon a contract which shows that a greater rate of interest than seven per cent. is claimed, that the plaintiff must show affirmatively that no greater or higher rate of interest than that specified in the contract has been taken.

The note sued on in this case shows upon its face that eight per cent. was contracted to be paid. If this statute is of force, and particularly the fourth section thereof, it was incumbent on the plaintiff to show affirmatively (as a greater rate of interest than seven per cent. was contracted to be paid) that no higher rate was taken by him than that specified in the contract.

But suppose the plaintiff should fail to show what rate has been taken, what consequences would follow? He could only collect the principal sum loaned, under section second of the act. When a greater rate than eight per cent. is contracted for, then no interest can be collected under this act; that is, the contract does not bear interest, and all payments made by the borrower to the lender go

to extinguish the principal. A plea of payment to a suit brought on such a contract will lie, although the amount or sum paid was paid more than a year before the filing of the plea. The principal alone can be recovered; the payments made do not go in extinguishment of the interest, because the debt, being usurious, bears no interest. So that we think that, as the plaintiff in error filed a plea of payment in this case, he had a right to show that the contract sued on contained more than eight per cent. interest to be paid, and that thereby the sum loaned bore no interest. He was entitled to have the amounts paid credited upon the original sum loaned, even though the fourth section of the act of 1879 is repealed, and his plea in this case is not such a plea as is contemplated by the act of 1875, which is required to be filed within twelve months by that act. Code, §2057 (e). It may be questioned if this provision of the act of 1875, as contained in the section of the Code, is not repealed by the act of 1879 before quoted; but whether it is or not, it does not apply to this case. The court below having held contrary to the views here expressed, his judgment, founded thereon, must be reversed.

Judgment reversed.