CRANE, administrator, *vs.* GOODWIN *et al.*

1. Under the act of October 14, 1879, if more than eight per cent. interest were charged, all interest was thereby forfeited, and payments made would go in reduction of the principal.
2. Where a note was made between the passage of the act of October 14, 1879, and the amendatory act of September 27, 1881, in which it was sought to charge a greater rate of interest than eight per cent., if payments were made thereon and credited as interest, in a suit on the note it could be set up that all interest was forfeited, and that such payments went in reduction of the principal; and such plea would not be barred by the lapse of twelve months.

November 9, 1886.

Interest and Usury. Statute of Limitations. Payment. Before Judge HARDEN. City Court of Savannah. May Term, 1886.

To the report contained in the decision, it is necessary to add only that the case was submitted to the presiding judge without a jury. He held that the principal of the note sued on should be reduced by the payments made, and rendered judgment for the balance without interest. The plaintiff moved for a new trial, which was refused, and he excepted.

WM. CLIFTON; DUBIGNON & FRASER, for plaintiff in error.

DENMARK & ADAMS, by brief, for defendants.

JACKSON, Chief Justice.

On the 14th of November, 1879, a note was made payable six months after date, with interest at 10 per cent., upon which note were credits of interest paid amounting in all to $770.00; and if deducted from $1,400.00, the principal of the note, would leave only $630.00; if applied to interest as specified in the credits, the recovery would be for $1,400.00, the original principal sum due. The judge presiding held that the payments should be applied to the principal, and rendered judgment for six hundred and thirty dollars, principal, forfeiting interest and excess of interest. Error is assigned upon this judgment.

1. The act of 1879, passed on the 14th of October, 1879, forfeited all interest if more than 8 per cent. was charged, and the forfeiture is right, unless the pleas were barred by the lapse of twelve months.

2. It is contended, however, by plaintiff in error that the usury is barred by the lapse of twelve months before plea of set-off was filed after payment, except a small part paid within twelve months.

The act of October 14th, 1879, and decision in *Lilly vs. DeLaperiere*, 76 *Ga.* 348, control the case, as the note was made on the 14th of November, 1879, prior to the amendment of the act of the 14th of October, 1879, by the act of 27th of September, 1881, which repeals the 4th section of the act of 14th of October, 1879. See Acts of 1878–9, p. 184, and Acts of 1880–81, pp. 149, 150.

The act of 27th September, 1881, amended the act of 1873, forfeiting only excess of in place of all interest, besides repeating the 4th section of that act.

That 4th section is as follows: "That in all suits hereafter brought in any of the courts of this State upon any

account, note, bond, bill, draft, or other evidence of indebtedness, bearing date after the passage of this act, wherein a greater rate of interest is claimed than seven per cent., it shall be incumbent on the plaintiff in such suit or action to show affirmatively, by proof, that no greater or higher rate of interest than that specified in the contract so sued upon has been taken, received, retained or in any way or manner secured, so as to be thereafter had or taken, by any device whatsoever."

This section was law when this note was made and fell due ; and in the case of *Lilly et al. vs. DeLaperiere,* decided at the March term, 1886, it was held that on a note, dated between the passage of the act of October 14th, 1879, and that of the 27th of September, 1881, credits made, one of which was expressly for interest, as all are in the case at bar, must be applied to principal and not to interest, because it appeared that more than 8 per cent. was charged, though nominally only 8 per cent. was to be paid, and therefore all interest was forfeited.

In this case, ten per cent. is charged in the face of the note distinctly. In the case cited, it appeared less distinctly, being nominally 8 per cent. but really more.

We see no substantial difference between the two cases; and we conclude that *Lilly et al. vs. DeLaperiere* covers this case. Since the act of 1879 has been amended by later statutes, especially by the act of 1881 *supra*, of course the principle derived from the act as passed and applied to promissory notes or contracts made pending its unaltered existence, will not necessarily be extended to cases arising since the amendments, but will be modified by such changes of law.

This principle is applicable in full force only to cases of contracts made when the act of 1879 was in unaltered force.

Judgment affirmed.