### 2207.   QUINN *v.* FIRST NATIONAL BANK OF FITZGERALD.

1. In order to let in a meritorious defense, the maker of a promissory note who is sued thereon may show that the plaintiff is not a bona fide holder of the note.

2. The maker of a promissory note which has been transferred by one banking corporation to another (for the purpose of liquidating the affairs

of the corporation originally named in the note as payee) can not defend upon the ground that the contract whereby the note was transferred was ultra vires.    Generally, one who is not a party to a contract can not attack it as ultra vires.

3. Any payments made upon an usurious debt, even though the suit be upon notes given in renewal thereof (but without purging out the usury), are to be deducted from the principal debt and the lawful interest.

4. Interest may be collected monthly at the option of the parties, if only interest is collected and no part of the principal is paid, and if the interest contracted to be paid and actually collected does not exceed the rate of eight per cent. per annum.

5. The court erred in directing the verdict for the amount returned, though the evidence demanded a verdict for the plaintiff for a smaller amount. For this reason this court will direct a final disposition of the case.

DECIDED SEPTEMBER 20, 1910.

Complaint; from city court of Fitzgerald—Judge Wall.   September 17, 1909.

*O. H. Elkins,* for plaintiff in error.

*B. J. Reid, Haygood & Cutts,* contra.

RUSSELL, J.   The First National Bank of Fitzgerald sued Quinn on two notes which were payable to the order of the Citizens Bank of Fitzgerald, and the trial resulted in the court's directing a verdict for the plaintiff.   The notes were apparently indorsed in blank by the Citizens Bank of Fitzgerald by J. C. Bush, cashier. The defendant pleaded, that title to the two notes was not vested in the plaintiff, and that what appeared to be the indorsement of the Citizens Bank was merely a receipt for interest; and if the signature of the cashier was intended to be an indorsement, still the National Bank was not a bona fide holder, because it had notice of the equities in favor of the maker; furthermore, that the effort to transfer the note by indorsement was ultra vires, because the purported cashier was in fact not the cashier, and because the attempted transfer to the National Bank was for the purpose, on the part of the Citizens Bank, of illegally liquidating its assets and discontinuing business.   These pleas were stricken by the court, but the court allowed evidence. upon certain pleas setting up usury. At the conclusion of the testimony, however, the court directed a verdict for the full amount of the note, without any allowance for the usury in another note, of which it appeared the notes in suit were renewals.

We think the trial judge erred in striking the pleas, because, as was held in *Andrews* v. *John Church Co.,* 1 *Ga. App.* 560 (58 S. E. 130), the defendant had the right to show that the

plaintiff was not a bona fide holder of the notes in question, in order to let in a meritorious defense. We think the court erred also in directing a verdict, because it is unquestioned that the plaintiff had reserved usury in the first note, of which the subsequent notes were renewals. Inasmuch, however, as it appears from the evidence, as well as from the answer of the defendant, that the payment of the usury is the only defensive matter really presented by the pleadings or the evidence, and as the defendant was permitted to offer his testimony upon this subject, the only effect of a reversal of the judgment would be to send the case back to reduce the finding against the defendant by the amount of interest exacted from him in excess of the legal rate. It is not to the public interest to retard the proper disposition of causes or indulge in needless litigation, and for this reason we will exercise our right of effecting a final disposition of the case in accordance with what is its only proper termination under the pleadings and the evidence (*Finley* v. *Southern Ry. Co.*, 5 *Ga. App.* 722 (64 S. E. .312)), by directing that upon writing off by the plaintiff in the court below of the sum of $106.66 (the excess of interest reserved when the $2,800 note was originally given to the Citizens Bank of Fitzgerald), the judgment of the court below be affirmed; and that upon failure to do this, the judgment be reversed.

It is not disputed, in the evidence, that when the note for $2,800 was originally executed by Quinn, the Citizens Bank of Fitzgerald reserved $300 as interest from September 28, 1906, to September 28, 1907, and credited his account with a deposit of $2,500. The two notes for $1,100 each, which are the subject-matter of this suit, were given in renewal of the note for $2,800, upon which Quinn received only $2,500; and, as held in *McGee* v. *Long*, 83 *Ga.* 156 (9 S. E. 1107), "payments made upon an usurious debt are to be deducted from the principal and lawful interest, where the suit is upon renewal notes executed after such payments but without purging out the usury." To the same effect are the rulings in *Archer* v. *McCray*, 59 *Ga.* 546, and *Wilkinson* v. *Wooten*, 59 *Ga.* 584. The defendant and the cashier of the bank agreed that the amount actually paid by Quinn upon the $2,800 note was $638.30. It appears that in taking the new notes, $600 of this amount was credited upon the original note, because the renewals amount only to $2,200, but it is evident that the usury which had been originally

exacted when the $2,800 note was given was not purged from the renewal notes.    The $38.30 does not exceed the legal rate of interest on $2,800 from September 28, 1907, when the $2,800 note was due, to February 26, 1908, when the renewal notes were given, but it appears that there was an additional payment of $24 on September 24, 1907; and whether this be considered or not, it is evident, from the amount of the new notes, that all of the usury included in the original notes was not purged.   Consequently, Quinn had the right, which he would not ordinarily have, of inquiring into whether the First National Bank of Fitzgerald was a bona fide holder for value or not; and for this reason we hold that the court erred in striking his plea to the effect that the bank had notice of the equities in his favor.

The court did not err in striking so much of the defendant's plea as set up that the transfer of the notes by the Citizens Bank of Fitzgerald to the First National Bank of Fitzgerald for the purpose of liquidating the affairs of the first-named bank was ultra vires, because, under the ruling in *Weed* v. *Gainesville etc. R. Co.,* 119 *Ga.* 576 (46 S. E. 885), Quinn, not being a party to the contract between the two banks, was not in a position to assert that either party thereto acted ultra vires.   If the court had overruled the demurrer and had not directed the verdict, the defendant would have only been entitled to have proper deduction made for usury.    This amount, under the ruling in *Harrell* v. *Blount,* 112 *Ga.* 712 (5), 720 (38 S. E. 56), is determined by eliminating the interest exceeding seven per cent. which is included in the nominal principal. · See also *Parker* v. *Lowry,* 79 *Ga.* ·740 (4 S. E. 678). The defendant is really entitled to a credit of $125 with interest thereon, because the bank reserved $300, or interest at the rate of twelve per cent. on the amount actually paid the borrower.   The interest at the rate of seven per cent. on the $2,500 would be $175, and the difference between the two is $125.   But inasmuch as he pleaded only $106.66, it is beyond our ˙power to increase the amount.   The contention that the sum of $10.40 is usury can not be sustained, because interest may be collected monthly at the option of the parties, if only interest is collected and no part of the principal is paid, and if the interest collected does not exceed the rate of eight per cent. per annum for the period of time covered by the payment.                    *Judgment affirmed, with direction.*