McINTOSH *v.* THOMASVILLE REAL ESTATE & IMPROVEMENT CO.

ATKINSON, J. A suit was filed to recover a specific sum of money. The defendant pleaded payment of a certain sum, alleging that it fully extinguished the principal and lawful interest, and that the difference between the amount paid and that set out in the petition was usury and uncollectible. Whether it was usury depended upon whether the plaintiff was a building and loan association or an association of like character, and was authorized to charge and collect of its borrowers more, in the way of dues and otherwise, than would cover a legal rate of interest. The trial court held that the plaintiff was a building and loan association or one of like character, and, owing to the nature of its business, entitled to charge its borrowers an amount exceeding the usual rate of interest. On writ of error this judgment was reversed. 138 *Ga.* 128 (74 S. E. 1088). On the subsequent trial, which occurred more than ten years after the filing of the original plea, above mentioned, and after the payments therein alleged, the defendant filed an amendment praying that he be allowed to recover, as usury, a gross sum covering the excess alleged in the original plea to have been paid. The plaintiff demurred to this amendment, on the ground that it was an.

attempt to recover money paid as usury, and was not filed within a year as required by the statute. The demurrer was sustained, and afterwards judgment was entered for the defendant on his original plea. Defendant excepted. *Held:*

1. That though the amount of usury paid may be pleaded as a set-off in an action for the recovery of the principal sum loaned, with legal interest (Civil Code, § 3439), yet no affirmative recovery can be had for the usury paid more than a year before the filing of the plea. Civil Code, § 3441.

2. In the original plea the defendant did not attempt to recover any money as paid in excess of what he owed. His plea was, that, after eliminating usury, the payments extinguished the debt. The amendment to that plea, by adding one of set-off to recover the excess paid as usury, did not relate to the filing of the plea, so as to escape the bar of the statute of limitations. Fowler *v.* Stoneum, 11 Tex. 478 (62 Am. D. 490); Senter *v.* Whitaker, 66 Tex. 624 (2 S. W. 89); Ft. Smith *v.* Fairbanks, 101 Tex. 24 (102 S. W. 908); Perkins *v.* West Coast Lumber Co., 5 Cal. Unrep. Cas. 674 (48 Pac. 982).

> *Judgment affirmed. All the Justices concur.*
> DECEMBER 11, 1913.

Complaint. Before Judge Thomas. Thomas superior court. October 30, 1912.

*Roscoe Luke, Louis Moore,* and *Little & Powell,* for plaintiff in error.

*J. H. Merrill, C. P. Hansell,* and *W. H. Hammond,* contra.