# RECONSTRUCTION FINANCE CORPORATION *et al.*
## *v.* PUCKETT.

No. 10896.    OCTOBER 16, 1935.

290

*Dorsey, Shelton & Pharr,* for plaintiffs in error.
*Madison Richardson,* contra.

BELL, Justice. (After stating the foregoing facts.) In the briefs filed for the plaintiffs in error it is conceded that the plaintiff's petition was sufficient to show that each loan was infected with usury, and that after forfeiting the interest and other unlawful charges the plaintiff has fully paid the amounts of principal actually received by him, as alleged in the first count, and that the allegations made in each count are sufficient to state a cause of action, unless the plaintiff's claim for credits is barred by limitation. The petition shows upon its face that all payments were made more than one year before the suit was filed, and the sole

contention of the plaintiffs in error is that the petition is virtually a suit for the recovery of a forfeiture under the usury law, and that it is barred by the limitation of one year as fixed by the statute. Code of 1933, § 57-115. It is insisted that notwithstanding the plaintiff's amendment it appears from the specific allegations of fact that the payments made by the plaintiff were, according to the intention of the parties, to be applied on interest, and were not made as general payments, without direction; and thus that the case should be considered as one in which the debtor gave direction to apply the payments upon the charges for interest, regardless of the usury. Assuming that the petition should be construed as presenting such a case, we can not agree that the plaintiff's claim for credit on the principal of the debt is barred as to any payment. The history of the usury laws in this State was traced with painstaking care by Mr. Justice Cobb in *Union Savings Bank & Trust Co.* v. *Dottenheim,* 107 *Ga.* 606 (34 S. E. 217). The law applicable to the present case is the same at this time, except that by the act of 1916 (Ga. L. 1916, p. 48), it was provided that any person charging a greater rate of interest than 8 per cent. per annum, either directly or indirectly, "shall forfeit the entire interest so charged or taken," whereas under the previous law only the *excess* of interest was forfeited. See Code of 1895, § 2888; Code of 1910, § 3438. In 1871 the legislature passed an act providing that no usury could be recovered back unless suit for the recovery of the same was instituted within six months after its payment. Ga. L. 1871-2, p. 75. With reference to a transaction occurring while that law was of force, this court in *Archer* v. *McCray,* 59 *Ga.* 546, held as follows: "Where the original transaction was usurious, the usury infects all the securities given in renewal for the same debt, however varied in form and amount, and the law applies all payments made on the debt to the principal and legal interest; and though these payments be made on annual settlements, these annual accountings will not constitute a new point of departure from which the six-months limitation against the recovery of usury will begin to run,—there having never been at any time a purging of the usury from the old debt, and another security taken for the legal balance." Again, in *Wilkinson* v. *Wooten,* 59 *Ga.* 584, it was said: "If the original contract was thus usurious, all payments on the so-called rent notes are to be

treated as payments on the debt itself, to go in reduction of principal and lawful interest, no matter when they were made, nor under what changes as to the law of usury."

It is well enough in this connection to mention the case of *Finney* v. *Brumby*, 64 *Ga.* 510, relied on by counsel for the plaintiffs in error. It appears from the decision in that case that the defendant's husband incurred a debt on which he paid a sum as usury. He was later put into bankruptcy, and the defendant wife was urging a claim for a homestead. The plaintiff creditor and the defendant adjusted this controversy by agreeing that a tract of land belonging to the bankrupt should be sold by the assignee in bankruptcy, free from all liens, and that the plaintiff should buy in the property and then sell it to the defendant at the price which he had to pay for it at such sale. The plaintiff became the purchaser, as agreed, and thereafter executed his bond for title to convey the property to the defendant upon the payment of the purchase-money as thus fixed. On default by her, the plaintiff brought a suit to recover the land, and as a defense she pleaded the payment of usury by her husband as stated above, claiming the same as a credit upon the amount which she had promised to pay the plaintiff as purchase-money. It was held that her plea of usury was barred by the statute of limitations. This was a plain effort to recover usury after a complete extinguishment of the original debt and after the bar of the statute had fully attached. The case is clearly different from the case at bar, being distinguishable upon the same ground as that stated in *Cheapstead* v. *Frank*, 71 *Ga.* 549, as follows: "The statute of limitations relied upon to defeat this defence is alone applicable to suits brought to recover usury which has been paid, or to a set-off claiming such a demand; and the case relied upon . . 64 *Ga.* 510, as opposed to this view, sustains it, as will be evident when reference is had to the decision in 61 *Ga.* 38 [*Everett* v. *Planters Bank*], cited by the court as governing that case."

In 1875 the legislature passed an act fixing the rate of 12 per cent. per annum as the maximum rate of interest, and providing that for a violation of its terms the lender should forfeit the interest and the excess of interest so charged or taken. As will be noted, this provision as to forfeiture is substantially the same as the present law. Other provisions of the act were as follows: (3)

"That the amount of forfeit as aforesaid may be pleaded as a set-off in any action for the recovery of the principal sum loaned or advanced by the defendant in said action." (4) "That no contrivance or arrangement between parties to any such unlawful transaction, or their privies, shall have the effect to discharge such forfeiture, except it be an actual and full payment of the amount so forfeited." (5) "That any plea or suit for the recovery of such forfeiture shall not be barred by the lapse of time shorter than one year." These three sections later became a part of the Code law of this State, being carried in the Civil Code of 1910, as §§ 3439, 3440, 3441, and now appearing in the Code of 1933, as §§ 57-113, 57-114, 57-115. In 1879 the legislature again passed an act upon the subject of usury, in the fourth section of which it was provided that when an action is brought upon a contract which shows that a greater rate of interest than 7 per cent. is claimed, the plaintiff must prove that no greater or higher rate of interest has been taken. In *Lilly* v. *DeLaperiere*, 76 *Ga.* 348, it was held that a failure to comply with this provision would result in the forfeiture of all interest, and that only the principal after deducting payments could be recovered. It was further held: "To a suit brought on such a contract a plea of payment would lie, although the amount paid was paid more than a year before the filing of the plea. On showing that a higher rate than that specified in the contract was taken, the result would be that the principal sum would bear no interest, and the payments made would go in extinguishment of the principal." In the opinion it was said: "A plea of payment to a suit brought on such a contract will lie, although the amount or sum paid was paid more than a year before the filing of the plea. The principal alone can be recovered; the payments made do not go in extinguishment of the interest, because the debt, being usurious, bears no interest." It was also held that the defendant "was entitled to have the amounts paid credited upon the original sum loaned, even though the fourth section of the act of 1879 is repealed, and his plea in this case is not such a plea as is contemplated by the act of 1875, which is required to be filed within twelve months by that act." It appears from the report of that case that one payment was made expressly for interest, and yet it was held that all payments should be credited on the principal. In *Crane* v. *Goodwin*, 77 *Ga.* 362, it

was contended by the plaintiff in error that the claim for usury was "barred by the lapse of twelve months before plea of set-off was filed after payment." Although all the credits were made "expressly for interest," it was held that the charge for interest was forfeited by the failure of the plaintiff to submit the proof required by the act of 1879, and that the payments should go in reduction of the principal; also that a plea claiming such credits would not be barred by the lapse of twelve months. On principle, the decision in that case controls the case at bar adversely to the plaintiffs in error.

For other decisions bearing upon the question, see *Winkler* v. *Scudder*, 1 *Ga.* 108, 135; *Bailey* v. *Lumpkin*, 1 *Ga.* 392 (6); *McGee* v. *Long*, 83 *Ga.* 156 (9 S. E. 1107); *Johnson* v. *Southern Mutual Building & Loan Asso.*, 97 *Ga.* 622 (25 S. E. 358); *McIntosh* v. *Thomasville Real Estate &c. Co.*, 141 *Ga.* 105 (80 S. E. 629); *Camp Lumber Co.* v. *Citizens Bank*, 142 *Ga.* 84 (82 S. E. 492); *King* v. *Moore*, 147 *Ga.* 43 (92 S. E. 757); *Taliaferro* v. *Bank of Arlington*, 172 *Ga.* 872 (159 S. E. 260); *McGraw* v. *Planters Bank of Pavo*, 178 *Ga.* 580 (173 S. E. 643); *Quinn* v. *First National Bank*, 8 *Ga. App.* 235 (68 S. E. 1010); Fowler *v.* Trust Co., 141 U. S. 384 (12 Sup. Ct. 1, 35 L. ed. 786). Counsel for plaintiffs in error also rely upon the decision in *Gramling* v. *Pool*, 111 *Ga.* 93 (36 S. E. 430); but that suit, as in *Finney* v. *Brumby*, supra, was an effort to recover a sum paid as usury after a final liquidation of the debt; and the claim was properly held barred because not asserted in twelve months. That case does not resemble the case now under consideration. The plaintiffs in error have further cited two decisions by the Court of Appeals, *Laing* v. *Hinesville Bank*, 31 *Ga. App.* 416 (120 S. E. 799), and *Bennett* v. *Bennett*, 50 *Ga. App.* 34 (177 S. E. 90), to which may be added *Lankford* v. *Peterson*, 21 *Ga. App.* 1 (3), 15 (93 S. E. 499). These decisions hold that where usurious interest has been paid and applied as such, the statute of limitation is applicable to a plea filed after more than one year, in a suit on the obligation. The case last mentioned appears to have been the main support for the other two, and it in turn was based chiefly on the decision by this court in *Atlanta Savings Bank* v. *Spencer*, 107 *Ga.* 629 (6) (33 S. E. 878), in which it was held: "When not otherwise directed by the debtor, payments made on a debt infected

with usury will be applied first to the payment of the legal interest due at the date of the payment; and any balance remaining after such interest is discharged will go in reduction of the principal. A plea alleging such payment may be properly filed to an action on the debt, notwithstanding more than twelve months have elapsed after the payment before the plea is filed." In the opinion in the *Spencer* case it was said that since there was "no express agreement that the payments made were to be applied otherwise than in the manner the law would direct, whenever one of the notes was paid the payment discharged the interest then due on the entire debt, and any excess went in discharge of the principal of the debt." This statement amounted only to an implication by negative pregnant that payments expressly made in retirement of usury would not go in discharge of the principal debt, and would be lost to the debtor unless reclaimed by a plea filed within the period of one year. The case did not involve payments made with express direction from the debtor as to application upon interest; and so the intimation is not authority for the proposition that payments so made should not be credited upon the principal unless claimed by a plea or suit filed within the statutory period after payment. The statement was confusing, however, and quite naturally induced the conclusion reached by the Court of Appeals in the decision to which reference has been made, especially so in view of the rule that the decisions by this court are binding upon the Court of Appeals as precedents, and of the consequent deference which is usually paid by that court to any expression by this court in the course of its decisions. From what has been said, we can not approve the decisions by the Court of Appeals on the question here involved. The present writer, then a member of that court, concurred in the decision of *Laing* v. *Hinesville Bank,* supra, and was thus responsible in part for the erroneous view taken in that case, but after further research and study has been driven to a different conclusion. The foregoing explanation will apply also to the case of *Cheapstead* v. *Frank,* 71 *Ga.* 549.

Upon consideration of all the provisions of the act of 1875, and of the decisions based upon that statute, it is obvious that the term *set-off,* as employed therein (Code of 1933, § 57-113), was not used in its technical sense, but was intended in the sense of *payment,* as in a plea of payment in an action for the principal

sum loaned or advanced. In other words, where an amount forfeited because of usury has been paid by the debtor, he may, in a suit for the principal, demand credit for such payment by a plea in the nature of a plea of payment as distinguished from a technical plea of set-off; and under the usury law it is immaterial that at the time of making such payment he may have directed its application to interest or other amount forfeited. The statute as to the application of payments (Code of 1933, § 57-109) is a mere general law contemplating lawful transactions, while the present case is governed by the statutes in reference to usury, which make no distinction between payments *with* and *without* direction as to how they shall be credited. In a suit for the recovery of the principal amount loaned there is no statute of limitation as to a plea of payment by which the debtor is merely claiming credit for sums paid upon the forfeiture. The provision that any plea or suit for the recovery of forfeiture shall not be barred by the lapse of time shorter than one year is applicable only to an action or plea in which the debtor is seeking by affirmative claim to recover back an amount paid by him and applied on the forfeiture, or is urging the same as a set-off against some demand of the plaintiff not based upon the loan contract. See, in this connection, *Rackley* v. *Pearce,* 1 *Ga.* 241.

Before concluding this opinion some notice should be taken of two decisions by this court which have not been cited by the attorneys on either side in the present case. We refer to *Lanier* v. *Cox,* 65 *Ga.* 265, and *Smith* v. *McWhorter,* 173 *Ga.* 255 (160 S. E. 250). In the decision in the *Lanier* case there is some language which is plainly contrary to the views expressed above, but the report shows clearly that no payments whatever had been made by the debtor, and thus that so much of the decision as related to the bar of the statute was manifestly obiter dictum. Also, an examination of the original record of file in that case shows that no payments had been made in that case. That case has never been cited in any other decision either by this court or the Court of Appeals. If the present decision is contrary to anything held in *Smith* v. *McWhorter,* supra, prior decisions concurred in by all the Justices are binding, and must be followed in preference thereto as authority. As stated above, the sole contention of the plaintiffs in error is based upon the statute of limitations. Hence the

question whether in such a case the party seeking affirmative equitable relief should account not only for the principal, less payments, but also for interest at the lawful rate, despite the forfeiture for usury, is not a matter for decision in the present case, and nothing said in this opinion is intended as an expression upon that question. So we hold that each count of the petition stated a cause of action, and that the demurrer was properly overruled.

*Judgment affirmed. All the Justices concur, except Russell, C. J., absent because of illness.*