## 29440. HARTSFIELD COMPANY v. WATKINS.

DECIDED MAY 15, 1942. REHEARING DENIED MAY 30, 1942.

*Mose S. Hayes,* for plaintiff in error. *Victor K. Meador,* contra.

SUTTON, J. J. C. Watkins filed suit against Hartsfield Company Inc. on July 16, 1940, in the civil court of Fulton County, seeking to recover $177.98 as usurious interest, alleged to have been paid by the plaintiff to the defendant within twelve months next before the filing of the suit. The petition as amended alleged substantially that the plaintiff obtained a loan of $600 from the defendant, on June 14, 1937, for which he executed a promissory note, payable at the rate of $25 per month for a period of twenty-four months; that the defendant deducted $120 as interest from the amount of the loan and the plaintiff received $480; that in twelve months the plaintiff paid the defendant $300 on the loan, and in order to get a reduction in the monthly payments from $25 to $15 the plaintiff, on July 22, 1938, executed to the defendant a new note for $360, to cover the balance of $300 claimed by the defendant to be due, with $60 added as interest, and this note was payable $15 per month for a period of twenty-four months. It is alleged that this note was paid by the plaintiff, the final payment of $120 being made on December 16, 1939, and that he was required to pay usurious interest on the loan in the amount of $177.98. Itemized statements showing the dates and amounts paid by the plaintiff on both notes are set out in the petition, and it is alleged that the principal of the note was paid on August 1, 1939, and that the payments thereafter made on the $360 note from August 16, 1939, to December 16, 1939, inclusive, aggregating $177.98 as shown by the itemized statement, represented usurious interest on the loan in question.

The defendant's oral motion in the nature of a general demurrer to dismiss the plaintiff's petition on the ground that it showed the items sued for as usurious interest were taken, reserved, or paid

more than twelve months before the filing of the plaintiff's petition was sustained by the trial judge and the action was dismissed. This judgment was reversed by the appellate division of the civil court of Fulton County, which held that the items sued for were not barred by the statute of limitations, under the allegations of the petition. The exception here is to the last-mentioned judgment.

It will be observed from the above statement that the plaintiff sought to recover a sum of money alleged to have been paid to the defendant, in excess of the principal amount of a loan claimed by the plaintiff to have been usurious and a balance of which was renewed at a usurious rate of interest, the amount sued for being limited to excess payments alleged to have been made within one year next before the filing of this suit on July 16, 1940. According to the allegations of the petition, the principal of the loan was paid off on August 1, 1939, and the payments made subsequent to that time, as itemized in the petition, represent the items that the plaintiff is seeking to recover. The Code, § 57-101, provides: "The legal rate of interest shall be seven per centum per annum, where the rate per centum is not named in the contract, and any higher rate must be specified in writing, but in no event shall any person, company, or corporation reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Code § 57-102 provides: "Usury is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." Obviously, under the allegations of the petition, the loan was infected with usury, and this was carried forward into the renewal note for $360. Where the original transaction was usurious, the usury infects any renewal note for the same debt or any part thereof, if the usury was never purged. *Archer* v. *McCray,* 59 *Ga.* 546. It was held in the *Archer* case, in *McGee* v. *Long,* 83 *Ga.* 156 (9 S. E. 1107), and in *Quinn* v. *First National Bank,* 8 *Ga. App.* 235 (3) (68 S. E. 1010), that payments made upon an usurious debt are to be deducted from the principal and lawful interest, where the suit is upon renewal notes

executed after such payments, but without purging out the usury. But since the act of 1916 (Ga. L. 1916, p. 48; Code § 57-112) all interest is forfeited where the loan is usurious, and the payments on such a loan are applied to the principal amount of the debt. *Reconstruction Finance Cor.* v. *Puckett,* 181 *Ga.* 288 (181 S. E. 861, 101 A. L. R. 735).

The plaintiff in error contends that the plaintiff's claim is barred on the ground that the alleged usurious interest was contracted, received, and paid more than twelve months before the filing of the present suit, and Code § 57-115, which provides that "No plea or suit for the recovery of such forfeiture shall be barred by lapse of time shorter than one year," and the following decisions of this court and the Supreme Court are cited and relied on by the plaintiff in error: *Laing* v. *Hinesville Bank,* 31 *Ga. App.* 416 (120 S. E. 799); *Bennett* v. *Bennett,* 50 *Ga. App.* 34 (177 S. E. 90); *Gramling* v. *Pool,* 111 *Ga.* 93 (36 S. E. 430); *McIntosh* v. *Thomasville Real Estate &c. Co.,* 141 *Ga.* 105 (80 S. E. 629); *Camp Lumber Co.* v. *Citizens Bank,* 142 *Ga.* 84 (82 S. E. 492); *King* v. *Moore,* 147 *Ga.* 43 (92 S. E. 757); *Poulk* v. *Cairo Banking Co.,* 158 *Ga.* 338, 342 (123 S. E. 292). The decision of the Supreme Court in *Reconstruction Finance Cor.* v. *Puckett,* supra, traces and deals extensively with the law of usury in this State, and the cases cited and relied on by the plaintiff in error are referred to and some of them dealt with in that case. It is true that suits for the recovery of usury must be brought within twelve months from the payment thereof, but the contention of the plaintiff in error can not be sustained under the allegations of the petition in the present case and the law applicable thereto. Under the law, all interest is forfeited on an usurious loan, and the payments made thereon go in reduction of the principal, and any payments made after the principal is paid off can be recovered, if paid within twelve months next before the filing of a suit therefor. The present action, according to the allegations of the petition, comes within this rule.

The appellate division of the civil court of Fulton County did not err in holding that under the allegations of the petition the plaintiff's action was not barred by the statute of limitations.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*