37496. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA *v.* LINDSEY.

DECIDED FEBRUARY 5, 1959—REHEARING DENIED MARCH 24, 1959.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* for plaintiff in error.

*Fraser & Schell, Young H. Fraser,* contra.

FELTON, Chief Judge. This is an action to recover usury paid on an obligation within twelve months before the institution of the action. Code § 57-115. The basis and theory of the action is that, treating all of the dealings alleged between the parties as one transaction, the plaintiff paid the alleged amount of usury to the defendant within one year prior to the filing of the action. Assuming that the petition otherwise shows all the elements necessary to a cause of action of this kind, unless the petition, construed against the plaintiff on demurrer, shows that the amount sought to be recovered, or a part it, was paid 'as usury to the defendant, within one year prior to the filing

of the action, no cause of action is set out. This is the only question necessary for decision in this case. The answer to the question depends on the proper construction of the petition as amended. The trial judge ruled that a cause of action was stated and based his conclusion on exhibits to the petition which showed that every note signed by the plaintiff was marked "Paid" on July 23, 1956. The suit was filed July 31, 1956. If the petition and exhibits showed no more than that the notes were paid on July 23, 1956, the trial court would have been prima facie correct in his ruling. However, another exhibit attached to and made a part of the petition showed that interest payments were made on the notes monthly from May 31, 1954, through May 23, 1956. On demurrer the fact of these monthly payments is treated as the truth and their payment is consistent with the fact that the entire notes were stamped paid at a later date. The exhibits show that the principal and interest on the notes of March 16, 1954, and August 5, 1954, had been paid for more than one year prior to the filing of the petition, as well as other interest on another obligation. As against the date an entire note is paid the allegation that interest payments on the note were made monthly must control in the construction of this petition. Since the petition does not allege that the payments made on the obligations treated as one transaction within one year prior to the filing of the suit were usurious, the petition fails to set forth a cause of action against the general demurrer, and the court erred in overruling the general demurrer. The various special demurrers attacking the various allegations of the petition which showed an effort to collect payments made more than one year prior to the filing of the suit were also improperly overruled. The other special demurrers were properly overruled.

Nothing herein ruled shall be construed to mean that the plaintiff in the trial court, defendant in error here, may not by amendment to the petition in this case show by appropriate allegations that he is entitled to recover some sum as usurious interest paid within one year prior to the filing of this action.

The court erred in overruling the defendant's general demurrer and the special demurrers specially ruled on. The court did not err in overruling the other special demurrers.

*Judgment affirmed in part and reversed in part. Nichols, J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. I do not agree with all that is said in the majority opinion, though the result reached appears to be correct. I think the execution of the notes by the plaintiff to the defendant and the payments made upon them were dealings between the parties constituting one continuous transaction, as in *First Federal Savings & Loan Assn.* v. *Norwood Realty Co.*, 212 *Ga.* 524 (93 S. E. 2d 763). In my opinion it is not material to the decision of the case to determine whether the payments made by the plaintiff were with or without directions as to their application. This is true because the direction of payment to usurious interest is as illegal as the original contract to pay usury. *Reconstruction Finance Corp.* v. *Puckett*, 181 *Ga.* 288, 294 (181 S. E. 861, 101 A.L.R. 735). Before the debt is fully satisfied, as in *Reconstruction Finance Corp.* v. *Puckett*, *First Federal Savings & Loan Assn.* v. *Norwood Realty Co.*, both supra, and *Lilly* v. *DeLaPeriere*, 76 *Ga.* 348, a plea of payment may set up payments of usurious interest made at any time, even more than one year before the plea is filed. But where the debt has been fully satisfied and more than a year's time has elapsed since the payment of the usurious interest the debtor cannot institute an independent action to recover such payments, nor can he set them off against a claim arising out of a transaction not connected with that in which the usurious interest is charged. *Bailey* v. *Lumpkin*, 1 *Ga.* 392; *Gramling, Spalding & Co.* v. *Pool*, 111 *Ga.* 93 (36 S. E. 430).

The line of demarcation between the two lines of cases is narrow and technical.

However, if a plea in the nature of a plea of payment could not, at any time before the debt is satisfied, set up the payment of usurious interest and require the forfeiture of all interest that would otherwise be due upon the debt there would be no meaning to Code § 57-112 which reads: "Any person, company, or corporation violating the provisions of section 57-101, shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged or taken. No further penalty or forfeiture shall be occasioned, suffered or allowed." If the payment of

usurious interest could be pleaded after the debt is paid and after more time than a year has elapsed, Code § 57-115 would be meaningless. The latter Code section reads: "No plea or suit for the recovery of such forfeiture shall be barred by lapse of time shorter than one year."

In my opinion the petition sufficiently alleges the plaintiff's right to recover some amount, and for this reason is not subject to general demurrer. *Hudson* v. *Hudson*, 119 *Ga.* 637 (1) (46 S. E. 874). The petition is open to several grounds of special demurrer and for this reason a reversal of the trial court's judgment is necessary.