## 52601. THOMAS v. ESTES.

Argued September 14, 1976 — Decided September 30, 1976.

*Wilson & Wilson, Gregory W. Sturgeon,* for appellant.

*Kenneth E. Estes,* for appellee.

DEEN, Presiding Judge.

■ It seems clear that the original loan of $20,000 from Thomas to Estes was usurious, at least as to the 20 percent interest, and quite probably as to the demand for 30 percent of the stock and $100 per month as director's fees, if, as it appears, no consideration for either of these transfers was forthcoming except the loan itself. In such event, the original transaction, evidenced by the promissory note, is tainted with usury, and any renewal thereof, although on its face legal, is also tainted with usury, so that proof of that fact would constitute a good defense to an action to collect the debt or any renewal thereof or any part of the same transaction to which the usury adhered and which the creditor was attempting to collect. *Lott v. Peterson,* 23 Ga. App. 458 (98 SE 361). For example, following the rationale of *Lott,* if Thomas had promised Estes 30 percent of the stock as a part of the consideration for the original loan but had failed to turn it over to him, on Estes suing for the stock, Thomas might have defended on the ground that it was a part of a usurious transaction, even though the recited indebtedness had been paid and regardless of the time element involved, as such increments are considered a part of the illegal interest.

However, the penalty for usury (Code § 57-112: Forfeiture of entire interest) is subject to a one-year statute of limitation, after which "no plea or suit for the recovery of such forfeiture" shall be allowed. Code § 57-115. It was no part of the agreement between these parties that the borrower should at any time pay the lender the *value* of the stock which he had issued to him at the time of the original loan; Estes acquired the stock in 1970, the debt was paid off in March, 1971, and it was more than two years after that when the appellant agreed to repurchase the 15 percent remaining outstanding. The

two transactions are in no manner related, since there was never any burden on Thomas to buy the stock back from Estes. It is obvious that the debtor could not, in view of Code § 57-115, sue to recover usurious interest or plead such interest as a setoff to another debt, after more than twelve months had expired. *Finney v. Brumby,* 64 Ga. 510; *Gramling, Spalding & Co. v. Pool,* 111 Ga. 93 (36 SE 430); *Reconstruction Finance Corp. v. Puckett,* 181 Ga. 288 (181 SE 861). The only instance in which the debtor may claim payment after the year has passed is when the creditor is seeking to recover on the usurious debt or some extension of it. *Feeney Hay Co. v. Suggs,* 60 Ga. App. 42 (2 SE2d 806). The taint adheres "as long as the original usurious obligation continues to exist"; the usury is purged when the usurious debt is settled or canceled. 91 CJS 654, Usury, § 78. This usurious debt was settled when Thomas paid Estes the $24,000 in March, 1971. His agreement to repurchase the stock some two years later was a new transaction. The court properly granted summary judgment to the plaintiff for the balance due on the purchase price of the stock.

■ In spite of the ruling in the first division of this opinion, we deny the motion for damages made pursuant to Code § 6-1801 where the court determines that the appeal is for the purpose of delay only. The appellant had a right to test whether an action for the purchase price of stock, where he contended that the stock was in fact usurious interest, might be defended on this ground.

*Judgment affirmed. Quillian and Webb, JJ., concur.*