## VIRGINIA-CAROLINA CHEMICAL CO. *v.* PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY *et al.*

1. Since the passage of the uniform procedure act of 1887, a plaintiff may in one action against the defendant seek both legal and equitable relief. But in such an action he can not obtain the appointment of a receiver or the grant of an injunction ad interim under circumstances where such interlocutory relief could not be obtained prior to that act.
2. Generally a creditor by note, which has not been reduced to judgment, and with no lien, is not entitled to an interlocutory injunction and the appointment of a receiver for his debtor's property.
3. The pleadings and evidence do not present such an exceptional case as to require such relief, or render its refusal error.
4. The petition does not raise the distinct question whether the defendant company had an insurable interest in the lives of two of its directors; nor does it appear whether such question was distinctly passed on by the presiding judge.
5. If there was an overissue of stock, this would not alone necessitate the appointment of a receiver for the company's property at the instance of a holder of stock pledged to him as security for the debt of an original stockholder, prior to the additional issue.
6. If a transaction is on its face usurious, it may be so declared as a matter of law. If on its face it is not usurious, but is claimed to be a device to cover up the charging of usury, a question of fact as well as one of law is involved. And this is especially true where it is in question whether, under the facts, the creditor who alleges that a transaction between the debtor and another creditor involves usury was in a situation to entitle it to set up the alleged usury.
7. Under the pleadings and evidence there was no abuse of discretion in refusing the appointment of a receiver and the grant of an interlocutory injunction in this case.

Argued October 6, 1905 — Decided July 28, 1906.

Petition for injunction and receiver.    Before Judge Pendleton. Fulton superior court.    July 6, 1905.

*Green, Tilson & McKinney,* for plaintiff.    *J. H. Gilbert, W. H. Burwell, Walter McElreath,* and *H. W. Johnson,* for defendants.

LUMPKIN, J.    The petition for injunction and receiver in this case was not based on what is termed the "insolvent traders' act" (Civil Code §§ 2716-2722).    It depends upon the general powers of a court of equity.    The grounds on which the plaintiff's right to proceed must rest are substantially as follows: the holding of two notes, aggregating about $1,000 principal, not reduced to judgment nor secured by any lien on the property of the Georgia Industrial Company; the taking out of insurance policies upon the lives of two directors of that company, and the giving of a note for the premiums, and assignment of the policies as collateral security for the loan; the fact that the plaintiff loaned to Ford, the president of the company, as an individual certain money, and took as collateral security 37 shares of stock in the company before its name was changed to that which it now bears; an alleged illegal change of name and overissue or unauthorized issue of stock in addition to the original capital; certain acts of mismanagement, and disagreements on the part of officers.    Insolvency was not directly charged; but it was alleged that the defendant, the Provident Savings Life Assurance Society, was endeavoring to bring the property to sale under a power in its mortgage, and that there was danger of loss to plaintiff; and also that it was necessary to gather and protect the peach crop.    By amendment the bringing of a suit in Chatham superior court by the Provident Society, and the appointment of a temporary receiver was alleged.    There were other allegations, but they were not material to be set out.

Since the passage of the uniform procedure act of 1887, a plaintiff may proceed in one suit to seek both legal and equitable relief against the defendant debtor, without first obtaining judgment at law and having an entry of nulla bona made.    *DeLacy* v. *Hurst,* 83 *Ga.* 223.    But interlocutory injunction or appointment of a receiver can not be obtained in such a case where a like extraordinary remedy could not be obtained before the passage of that act.    The principles governing the grounds for such extraordinary relief remain unaltered.    *Stillwell* v. *Savannah Grocery Co.,* 88 *Ga.* 100, 144; *Branan* v. *Baxter,* 122 *Ga.* 225.    Generally a common creditor

by note or open account, with no judgment or lien, is not entitled to such relief. The exceptional cases (such as *Cohen* v. *Meyers,* 42 *Ga.* 46, *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628, *Cohen* v. *Morris,* 70 *Ga.* 313, and similar cases) need not be considered. Suffice it to say that under the evidence, looking at the plaintiff's position from the standpoint of a creditor, no such case is made; certainly none which would make it an abuse of discretion to refuse the interlocutory relief prayed. *Anvil* v. *Savery,* 116 *Ga.* 321.

In the briefs of counsel the question was argued at some length whether the defendant company had an insurable interest in the lives of two of its directors, or officers. But no such point was distinctly raised in the petition, or shown to have been passed on by the presiding judge. The petition alleged that plaintiff was informed and believes that about one half of the note "represents a premium on a large life-insurance policy written by said assurance society on the life of some individual, your petitioner is not informed who;" that the policy was fully paid up, and had a cash surrender value, and was held by the Provident Society as additional security for the payment of the note; that "the Industrial Company has no authority to become responsible for the payment of life-insurance premiums, and the action of its officers in executing a note therefor, and executing a deed conveying the property of said company to secure the payment of said note was ultra vires and void;" that the note and deed constitute a fraud upon the creditors and stockholders of the Industrial Company; and that the "Assurance Society were bound to take notice of the powers conferred upon said Georgia Industrial Company by its charter." In the amendment were copied certain allegations from the petition filed by the Provident Society praying for a receiver against the Industrial Company. Among them as set out in the amendment was the statement, that, "in addition to said land conveyed as security for said $40,000 note, said Provident Savings Life Assurance Society had insured the lives of two of the officers of the Georgia Industrial Co., in which policies the Georgia Industrial Co. was named as the beneficiary, the amount of said insurance being $40,000; that said insurance had been assigned to said Provident Savings Life Assurance Society as additional security for the payment of said $40,000 note." It will thus be seen that the question of insurable interest was not directly raised; but only a gen-

eral charge that the act was ultra vires, coupled with a reference to the charter powers, one of which was "to borrow money and secure the same by collaterals, personal security, mortgage, deed, or otherwise, and to issue notes or other obligations therefor, . . to make contracts of any kind whatsoever for the furtherance of its business." Neither did the mere recital from the pleadings in another suit raise the point. So far as appears, the question was whether the action was ultra vires for want of charter power to perform it, not whether the company had an insurable interest in the lives of the insured.

From the standpoint of a stockholder the additional issue of stock by the officers, if in fact illegal, would not result in throwing the company into the hands of a receiver. If entitled to any remedy under the facts, injunction to prevent the transfer of the stock and proper final decree in regard to it would seem to furnish relief. Certainly we see nothing in the evidence requiring a receivership on this ground, nor injunction aginst the Provident Society. Indeed it appears that the society is already restrained in another proceeding from selling under the power of sale contained in its mortgage because of a default claimed by it to have occurred, nor could it do so while the property is in the custody of the receiver appointed by the superior court of Chatham county; at least not without permission from the court.

It is contended by the plaintiff that the taking of the policy by the defendant company, and assigning it as an additional security, and giving the note, was in itself a usurious transaction, or at least was a mere device for the charging of usury. This is denied by the defendants, who contend that the full amount of the note and mortgage was loaned to the society; that it insured the lives of two of its officers, taking paid-up policies, making itself the beneficiary and assigning the policies to the Provident Society as an additional security; but that there was no usury agreed upon, intended, or paid. In 29 Am. & Eng. Enc. L. (2d ed.) 510 (4), it is said: "Where an insurance company, as a condition of making a loan, requires the borrower to take from it policies of life insurance either on his own life or on the life of a third person, and to pay premiums thereon in addition to the highest legal rate of interest on the amount lent, it is held in a number of jurisdictions that the transaction is usurious per se, as the profit thus derived by the

lender, though contingent, is in the nature of additional interest. In other jurisdictions, however, it has been held that such a requirement does not per se render the transaction usurious. But in every jurisdiction such a requirement would undoubtedly be deemed usurious if exacted for the purpose and with the intent of enabling the lender to receive a greater profit upon the loan than legal interest." Usury is defined by the Code of this State, §2877, to be "the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." In section 2886 it is declared: "It shall not be lawful for any person, company or corporation to reserve, charge or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." When a transaction is not on its face usurious, but is claimed to be a device for the charging of usury, a question of fact is involved, and the burden of establishing the charge is on the party making it. Here there was an issue as to what was the real transaction, and also as to whether, even if there were usury, the plaintiff made a case which authorized it to set up the defense.

From a careful inspection of the entire pleadings and evidence, we are of the opinion that the presiding judge did not abuse his discretion in refusing the injunction and receiver prayed.

*The judgment on the main bill of exceptions is affirmed; and, under the statute, the cross-bill is dismissed.*

*All the Justices concur, except Fish, C J., absent.*