### 11128.   ALEXANDER *v.* FORMAN.

Where a person makes two loans, the second to take up the first, and a deed to the same land is given to secure each loan, and suit.is brought on the notes given for the second loan, a plea which alleges that the notes sued on and the deed given to secure them embrace, as a part of their consideration, the old debt, together with the interest and usury thereon, raises an.issue of fact for determination by a jury. The judge erred in striking the plea.

DECIDED JULY 14, 1920.   REHEARING DENIED JULY 28, 1920.

Complaint; from city court of Blakely — Judge Sheffield. October 20, 1919.

The petition alleged that to secure the notes sued on, a security deed to certain lands was executed and delivered to the plaintiff. The plaintiff prayed for judgment on the notes and that the judgment be declared a special lien on the lands described in the deed. A plea consisting of several subdivisions was filed by the defendant, but in the brief filed by his counsel in this court all of the plea was expressly abandoned except the following: "That on the 8th day of December, 1911, this defendant procured from the plaintiff a loan for $3,500.00, which was secured by a security deed covering the same lands described in the security deed dated March 16, 1914, and referred to in paragraph 4 of the petition; and on the 16th day of March, 1914, this defendant was indebted to the plaintiff in the sum of $2,800.00 principal, with interest on said principal at the rate of seven per cent. per annum from the 8th day of December, 1913, which said interest amounted to $53.36, making the total amount due on said loan of December 8, 1911, on March 16, 1914, the sum of $2,853.36. That the amount due on the debt of December 8, 1911, on March 16, 1914, furnished a part of the consideration of the notes sued on, which was secured by the security deed referred to in paragraph 4 of the petition, and while there was due on said debt the sum of $2,853.36 principal and interest to the 16th day of March, 1914, the plaintiff reserved to himself, out of the loan evidenced by the notes sued upon and secured by the security deed referred to in

paragraph 4 of the petition, the sum of $2,928.36, in satisfaction and settlement of said loan of December 8, 1911; which said amount the plaintiff reserved to himself before paying to this defendant any sum whatsoever in consideration of the note sued upon and the security deed referred to in the petition. That by reason of the foregoing facts the said plaintiff charged and reserved to himself out of the consideration of the note sued upon as interest the sum of $75 in excess of the interest legally due on said debt of December 8, 1911, and in excess of what he was lawfully permitted to charge thereon. That by reason of the facts hereinbefore alleged in this further plea and answer in making said excess charge, and reserving to himself said sum of $75 in excess of the amount of interest due to him on said debt of December 8th, 1911, all of which in part formed the consideration of the note sued upon and secured by the security deed referred to in paragraph 4 of the petition, said plaintiff intended to and did charge and reserve to himself a greater sum, by $75, for the use of $2800 of his money than he was entitled to charge and reserve under the contract, and a greater sum by 53 42/100 dollars than 8% interest on said $2800 from December 8, 1913, to March 16, 1914, and the amount so charged in excess of 8% interest as aforesaid was charged, reserved, and taken by the plaintiff with the intent of charging more than 8% for his money, in violation of the usury laws of Georgia; and the notes sued on and the security deed referred to in paragraph 4 of the petition, which was given to secure said note, embrace as a part of the consideration thereof said debt of December 8, 1911, together with the interest and usury charged thereon, and are by reason of the foregoing facts usurious, and because thereof this defendant pleads that the plaintiff is not entitled to the specified judgment prayed for against the land described in said security deed."

An oral motion to strike the plea was made, "on the ground that no defense was set forth therein," and there was also a written motion to strike it, the substance of which was that the allegations therein were irrelevant, did not "constitute a good plea of usury, nor set forth any other valid defense, and . . the charge that plaintiff exacted usury is a bare conclusion of the pleader, not sustained by the facts on which said charge is predi-

cated, and contrary to law." The motion to strike the plea was sustained and the defendant excepted.

*L. M. Rambo, A. H. Gray,* for plaintiff in error, cited: Civil Code (1910), §§ 3436, 3427; 114 *Ga.* 964 (2); 9 *Ga.* 30, 34-5; 28 *Ga.* 526; 49 *Ga.* 514; 83 *Ga.* 640; 94 *Ga.* 562 (2); 59 *Ga.* 546; 124 *Ga.* 660 (2); 23 *Ga. App.* 458; 145 *Ga.* 243; 55 *Ga.* 412 (3); 104 *Ga.* 318 (2) 112 *Ga.* 35 (2).

*Glessner & Collins,* contra, cited: Civil Code (1910), § 3426; 112 *Ga.* 306; 94 *Ga.* 307 (3), 321; 63 *Ga.* 32 (5), 56; 107 *Ga.* 536; 120 *Ga.* 762; 64 *Ga.* 183 (2); 79 *Ga.* 742; 2 *Ga. App.* 107 (2); 11 *Ga. App.* 514 (3); 19 *Ga. App.* 782; 113 *Ga.* 984 (4), 986-7; 94 *Ga.* 307 (3), 321; 116 *Ga.* 679 (2), 682-3; 145 *Ga.* 585-6; 105 *Ga.* 166; 124 *Ga.* 965 (4), 970; Civil Code (1910), § 5674; 18 *Ga. App.* 301; 142 *Ga.* 609.

BLOODWORTH, J. (After stating the foregoing facts.)

An examination of the foregoing plea will show that it is distinctly alleged therein that usury was charged in closing the old loan and that the notes sued on and the deed given to secure them embraced, as part of the consideration thereof, the old debt, "together with the interest and usury thereon." In such a case as this "usury need not be pleaded with the same particularity as in a suit to recover it back or in a plea attempting to set it off against the plaintiff's demand." *Hollis* v. *Covenant Building & Loan Association,* 104 *Ga.* 318 (31 S. E. 215). We think this case is controlled by the decision in *Lott* v. *Peterson,* 23 *Ga. App.* 458 (98 S. E. 361). In the opinion in that case it is said (pp. 462-3): "Whether or not, as a condition precedent to the making of the loans sued upon, the borrower agreed to pay up the original indebtedness with usurious interest, or whether the new transaction was bona fide or free from any usurious taint or a mere cloak to cover up usury, were questions of fact for a jury to determine." Under this ruling the judge erred in striking the plea, and the further proceedings were nugatory.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion the facts set forth in the defendant's plea are insufficient to sustain the allegations of usury therein, and the court did not err in striking the plea.