### 12766.   BAGLEY v. HINESVILLE BANK.

Where a promissory note given for interest on a prior note executed since the adoption of the usury act of 1916 (Ga. L. 1916, p. 48) was for an amount in excess of lawful interest, it was wholly unenforceable; and in an action thereon to which this defense was pleaded it was error to direct a verdict for the amount of interest which had legally accrued at the time the note sued on was given.

DECIDED MARCH 20, 1922.

Complaint; from city court of Hinesville — J. P. Dukes, judge pro hac vice. July 18, 1921.

*Darsey & Mills,* for plaintiff in error.   *M. Price,* contra.

JENKINS, P. J. The defendant executed on December 1, 1916, a promissory note for $1,000, due to the plaintiff bank on January 1, 1917, with interest at 8 per cent. per annum from maturity. No interest having been paid, the maker, on August 27, 1919, executed in favor of the bank a note for $360, due January 1, 1920, bearing interest at 8 per cent. from its date. The bank brought suit against the maker solely on this latter interest note. In the trial there was undisputed testimony by the defendant, in support of his plea of usury, to the effect that he gave the plaintiff the interest note sued on " to cover 12 per cent. interest on the $1,000 note . . from January 1, 1917, to January 1, 1920," but that at the time he gave this interest note $218.86 was the correct interest at the lawful rate due and unpaid on the $1,000 note from its maturity, January 1, 1917, to the date of execution of the latter note, August 27, 1919. The court on its own motion directed a verdict in favor of the plaintiff for $218.86, as representing the lawful interest accrued on the original note at the time the interest note actually sued on was given.

The act of August 18, 1916 (Ga. L. 1916, p. 48; Park's Ann. Code Supp. 1917, §§ 3438, 3438 (a) ) provides that " any person, company, or corporation violating the provisions of section 3436 shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged or taken." Since, under the undisputed evidence, the note sued on represents interest charged or taken upon the original note, in excess of the eight per cent. originally contracted for, the defendant was entitled to invoke the statutory forfeiture not only as to the four per cent. excess charge, but as to the entire interest represented by the note sued on, and it was error for the court to direct a verdict, against the defendant's plea of usury, in favor of the plaintiff in the amount of interest which had legally accrued at the time the usurious interest note actually sued on was given. A promise in which the sole obligation is for the payment of interest infected with usury is altogether incapable of enforcement; and it makes no difference whether such invalid and usurious promise relates back to the payment of an alleged amount on account of interest already earned, or whether it relates to usurious interest which shall accrue in the future.

*Judgment reversed. Stephens and Hill, JJ., concur.*