### 14496. LAING et al. v. HINESVILLE BANK.

JENKINS, P. J. 1. The one-year period of limitation for the recovery by plea or suit for a forfeiture of usurious interest has reference to a set-off claiming such forfeiture, and to suits to recover usury which has been paid. Thus, where usurious interest has been paid and applied as such, the statute is applicable in a suit brought on the obligation. Civil Code (1910), § 3441; Lankford v. Peterson, 21 Ga. App. 1 (3), 15 (93 S. E. 499). In the instant case the plea of the defendant and the agreed statement of facts show that more than two years from the exaction and payment of the usurious charges had elapsed prior to the bringing of the suit, and the judge, hearing the case without a jury, properly found for the plaintiff. The case does not fall within the exception recognized in the Lankford case, that, "when not otherwise directed by the debtor, payments made on a debt infected with usury will be applied first to the payment of the legal interest at the date of payment; and any balance remaining after such interest is discharged will go in reduction of the principal;" and that "a plea alleging such payment may be properly filed although more than twelve months have elapsed since the payment;" for the reason that here the plea alleges and the statement of facts shows that the unlawful discount was "paid" to the plaintiff "as interest on said loan," in "addition to the amount of money paid plaintiff as principal," and that the unlawful discount "represents a charge of interest on the respective

loans at the rate of twelve per cent. per annum;" and consequently, the defense can be taken only as a claim of set-off. See also: *Camp Lumber Co.* v. *Citizens Bank*, 142 *Ga.* 84 (1) (82 S. E. 492); *Lee* v. *King*, 142 *Ga.* 609 (2) (83 S. E. 272); *King* v. *Moore*, 147 *Ga.* 44 (4) (92 S. E. 757); *Gramling-Spalding Co.* v. *Pool*, 111 *Ga.* 93 (36 S. E. 430); *Bagley* v. *Hinesville Bank*, 28 *Ga. App.* 400 (111· S. E. 216).

2. The separate plea of the accommodation endorser, or surety, on the note sued upon alleged that it "contains a waiver of homestead," and that the plaintiff bank "charged, reserved, and took more than 8 per cent. interest on said loan, without the knowledge or consent of this defendant, . . which taking and charging and reserving constituted secret usury, and thus voided the homestead waiver in said note, thus increasing the risk of this endorser," and discharging him from liability. *Held:* Under the agreed facts, the court properly found for the plaintiff bank. The only theory under which the surety upon a promissory note has formerly been held discharged by the exaction of concealed usurious interest from the principal was that, since, under the law as it existed prior to the usury act of 1916 (Ga. L. 1916, p. 48), usury voided all titles, including the waiver of a debtor's right to homestead and exemption, the voiding of such a provision in a note increased the surety's risk. *Vaughan* v. *Farmers & Merchants Bank*, 146 *Ga.* 51 (1, 2) (90 S. E. 478); *Lott* v. *Peterson*, 23 *Ga. App.* 458 (2), 463 (98 S. E. 361); *Duckett* v. *Martin*, 23 *Ga. App.* 630 (1) (99 S. E. 151); *Morris* v. *Reed*, 14 *Ga. App.* 729 (5), 733 (82 S. E. 314); *Jones* v. *Pope*, 7 *Ga. App.* 538, 539 (67 S. E. 280). The act of 1916, supra, however, expressly repealed sections 3438 and 3442 of the Civil Code, in which it is provided that "all titles to property made .as a part of an usurious contract, or to evade the laws against usury, are void;" and, in lieu of that provision and the forfeiture under the old law, provided for the forfeiture of "the entire interest so charged or taken, or contracted to be reserved, charged, or taken," and that "no further penalty or forfeiture shall be occasioned, suffered, or allowed than as stipulated in section 1 hereof (the entire interest)." Act 1916, §§ 1, 2; Park's Ann. Code, Supp. 1922, § 3438 (a). The effect of this legislation was to nullify, among other penalties under the former law, the rule voiding a waiver of homestead and exemption. The defense of the surety was therefore without merit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 10, 1923.

Complaint; from city court of Ludowici—Judge M. Price. February 28, 1923.

*Darsey & Mills, W. C. Hodges,* for plaintiffs in error.

*H. P. Cobb, S. B. Brewton,* contra.