15910. PADGETT *et al. v.* JONES.

STEPHENS, J. 1. As provided in the act approved August 18, 1916 (Ga. L. 1916, p. 48), no penalty or forfeiture attaches to a lender because of an usurious contract, other than the forfeiture of the entire interest charged or taken.

2. It follows that the transferee of a promissory note, who has taken it as collateral security for an usurious loan made by him to the transferor since the above-cited act of 1916, will not, by reason of the usurious contract, be deprived of his status as a bona fide holder.

3. Treating the sureties on the collateral note as sureties upon the usurious contract evidenced by another note executed by the transferor to the transferee, which contained a waiver of homestead, such waiver. of homestead, since the passage of the act of 1916, is not void, and the risk of such sureties is therefore not increased. *Laing* v. *Hinesville Bank,* 31 *Ga. App.* 416 (2) (120 S. E. 799).

4. In a suit by the transferee of the collateral note against the maker and the sureties thereon, a verdict for the defendants was not, under the above rulings, as a matter of law demanded. The first grant of a new trial to the plaintiff is therefore affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 20, 1925.

Complaint; from Tattnall superior court—Judge Sheppard. August 22, 1924.

*C. L. Cowart,* for plaintiffs in error.

*P. M. Anderson, H. R. Kimbrough,* contra.