## McGEHEE *v.* PETREE.

HINES, J. 1. It is the policy of the laws of this State to inhibit the taking of usury under every and any pretense or contrivance whatsoever. Civil Code (1910), § 3427; *Troutman* v. *Barnett,* 9 *Ga.* 30, 35.

2. The evidence demanded a verdict finding in favor of the plaintiff, that the transaction involved was usurious.

*Judgment reversed. All the Justices concur.*

No. 6177. JANUARY 12, 1928.

Equitable petition. Before Judge Howard. Fulton superior court. July 9, 1927.

McGehee filed his petition against R. R. Petree Jr., and W. H. Shivers, in which he made these allegations: On December 16, 1925, he applied to Shivers for a loan of $300. Shivers agreed to obtain a loan for him, and took him to the office of Petree, where the loan was negotiated and the papers were executed. Petitioner executed to Shivers his deed to described realty to secure his note to Shivers for the sum of $300. This deed and the note thereby secured were then and there transferred by Shivers to Petree, the assignment being under seal. Petitioner received from Petree, on his note so secured, only $200 in cash. Said loan is tainted with

Usury, 39 Cyc. p. 918, n. 58; p. 1056, n. 85.

usury to the extent of $100. Petree is not an innocent purchaser for value of said note and deed. The $200 was paid directly by Petree to petitioner. Petree is advertising said realty for sale under a power of sale contained in the security deed. Said deed and power of sale are void because they are tainted with usury. Shivers and Petree are insolvent. Petitioner has offered to pay to Petree $200, with legal interest thereon from December 2, 1925. Petree refused to accept the same. Petitioner prays that Petree be enjoined from proceeding with the sale of his land under the power of sale in his security deed.

The defendant answered the petition, and set up that he did not make said loan to petitioner, but purchased his note and deed to Shivers; and he denied that they were tainted with usury. Under the issue thus formed the case proceeded to trial before a jury. Petitioner testified that on December 16, 1925, he went to the office of Petree with Shivers, to borrow some money. Petree said that he would let him have the money. Petitioner executed a deed to Shivers, and another deed was drawn from Shivers to Petree. Petitioner executed his note for $300, payable to Shivers, and indorsed by him. Petree gave to petitioner $2 in cash, and a check for $198. This was all the money he received from Petree. Petitioner had previously drawn a note in blank to Shivers, for $300, and made a deed to Shivers. One Wainwright was going to let Shivers have some money for him. Wainwright did not make the loan, and these papers were destroyed.

Shivers testified: McGehee wanted to borrow some money in December, 1925. Shivers told him that he could get the money from Wainwright; but Wainwright refused to make the loan. He then asked Petree, who said he would make the loan. This was two or three days before the loan was made. On December 16, 1926, Shivers went with McGehee to Petree's office. Petree drew up a deed to the realty from McGehee to Shivers, for a consideration of $300. Petree had drawn another deed from Shivers to him. Petree then drew a note for $300, with eight per cent. interest per annum. All of these papers were signed on December 16, 1926. Petree then gave McGehee $2 in cash, and a check for $198. This was all the money that passed on this transaction. Shivers charged and received nothing for his services. He was a mere accommodation indorser. About ten days before this

transaction McGehee came to him to borrow some money, and he told McGehee he could get some money from Wainwright. They took a note for $300 to Wainwright, together with a deed. Wainwright refused to make the loan, and these papers were destroyed.

The defendant, Petree, in his own behalf testified: I never made any loan to McGehee. I bought a note executed by him to Shivers for the sum of $300, indorsed by Shivers to me. I had the deeds above described executed. I paid Shivers $200 for said note. The transaction was closed December 16, 1925. Shivers came to me three days before the trade was closed, and asked me to buy the note of petitioner. I paid Shivers $2 cash, and gave him a check for $198. I did not loan any money to McGehee; just bought his note.

Wainwright testified: Shivers came to me about ten days before this transaction, and asked me to buy a note for $300 from him, stating that he had a deed prepared from petitioner to himself to the land described in the petition, for the sum of $300. I thought that $300 was too much to charge for making that kind of a loan, and refused to make it.

The note, deed, and check referred to were introduced.

The jury returned a verdict for the defendant. The plaintiff's motion for a new trial, upon the general grounds, was overruled, and he excepted.

*T. J. Ripley,* for plaintiff.