# 82

No. 8225. July 16, 1931.

*George F. Fielding* and *Bond Almand,* for plaintiff in error.
*A. M. Roan,* contra.

GILBERT, J. S. P. Miller borrowed from American Security Company $200 to be repaid in installments of ten dollars per month, with interest at 3-1/2 per cent. per month. American Security Company was licensed to do business under the act of 1920 (Ga. Laws 1920, p. 215), which has reference to making small loans on personal property. The borrower repaid $100 of the amount, leaving $100 still due, also leaving $5.25 interest unpaid and due. The borrower then applied for renewal of the loan, and made a new loan of $200. From the proceeds there was deducted $100 for payment of the balance due on the former note, and $5.25 for interest which was due and unpaid. The borrower executed a bill of sale of personal property to secure the debt, which was duly recorded. The borrower paid one installment of $10 on the new loan, and $7 interest. Refusing to make further payments, he filed a petition alleging that the contract was void and unenforceable, because the defendant charged and received a greater sum than is allowed by the small-loan act (supra), by reason of deducting from the proceeds of the second loan the $5.25 as accrued interest on the former loan, "thereby charging petitioner interest upon accrued interest," and "thereby compounded interest;" that the Security Company was demanding payment of the installments in arrears, and was threatening to bring action for recovery of the amount claimed to be due; that petitioner had demanded cancellation of the contract, which defendant had refused; that the record of the bill of sale constituted a cloud on his title, and prevented him from disposing of the property; and that he was without adequate remedy at law. The prayers were for the intervention of equity jurisdiction; that the bill of sale be

declared void and unenforceable; that the same be produced and declared a cloud on petitioner's title and canceled of record; that defendant be restrained "from bringing any action against the petitioner on the note and bill of sale herein referred to, pending a final adjudication herein, or in any wise changing the present status of said note and bill of sale," etc.

"Equity, by writ of injunction, may restrain proceedings in another or the same court, or a threatened or existing tort, or any other act of a private individual or corporation, which is illegal or contrary to equity and good conscience, and for which no adequate remedy is provided at law." Civil Code (1910), § 5490. "Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, can not avail himself at law." § 5492. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law; but a mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." § 4538. The petitioner has an adequate and complete remedy at law, by defending any suit that may be brought against him, or, in case of foreclosure, by filing an affidavit of illegality. All of the defenses made could be made in either of such proceedings. Courts have been provided where cases like this may be adjudicated at far less expense to the public than in the superior courts. "'There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous, in a doubtful case, than the issuing of an injunction; it is the strong arm of equity that never ought to be extended unless to cases of great injury, where courts of law can not afford an adequate and commensurate remedy in damages. The right must be clear, the injury impending or threatened, so as to be averted only by the protecting preventive process of injunction; but that will not be awarded in doubtful cases, or new ones not coming within well-established principles; for if it issues erroneously, an irreparable injury is inflicted for which there can be no redress, it being the act of a court, not of the party who prays it.' Bonaparte v. Cam. & Am. R. R. Co., Baldwin's Rep. 217." *Ponder* v. *Cox*, 26 *Ga.* 485, 490.

It will be observed that the amount of usurious interest taken and charged, if any, is very small and probably would not amount to $2. The petition shows that the borrower is in possession of his personal property and there has been no interference or threatened interference with such possession. There could be no irreparable injury in the circumstances, and in fact the petition is entirely silent on the suggestion of any intervening equity or other proper defense of which the petitioner, without fault on his part, can not avail himself at law. The mere fact that his bill of sale is of record will not entitle him to invoke the extraordinary remedy of a court of equity to exercise its power of injunction. The most that the petition alleges is that the defendant is demanding payment of the installments in arrears, and is threatening to bring action for the recovery of the amount claimed to be due. It is not even hinted that the action is about to be prematurely brought. Since the borrower is in possession of the personal property, there could of course be no threat of removing it from the jurisdiction of the court. In *Gentle* v. *Atlas Savings & Loan Association*, 105 *Ga.* 406 (31 S. E. 544), suit had been brought and judgment obtained on a contract for the payment of money secured by mortgage. The mortgagor sought the aid of equity to set aside the judgment and to remove the cloud upon the title to his property. This court held that the city court of Atlanta, in which the judgment was obtained, afforded the defendant ample and adequate remedy at law, and that his failure to interpose it was due to his own negligence, and that in these circumstances equity would not assert its jurisdiction. It will be difficult to find in the records of this court any case seeking the jurisdiction of equity, based upon so complete an absence of proper basis. The court erred in refusing to dismiss the petition on general demurrer.

*Judgment reversed. All the Justices concur.*