DUBLIN VENEER COMPANY *et al. v.* KENDRICK.
ALEXANDER *v.* KENDRICK (two cases).

238

Nos. 9857, 9858, 9859.   August 8, 1934.

*Blackshear & Blackshear,* for plaintiffs in error.

*Adams & Nelson, Burch & Daley,* and *R. Earl Camp,* contra.

Russell, C. J. (After stating the foregoing facts.)

The assignment of error contained in the first special ground of the motion for new trial is that the court erred in consolidating the suit in the city court of Dublin with the suits pending in the superior court, for the reason that the parties were different, the pleadings and relief prayed for were different, and the relief afforded in the city court was complete, and it was not necessary or proper to consolidate said suit with the pending suits in this court when further action thereon had been stayed by order of this court. We are of the opinion that the court properly held this ground of

the motion for new trial to be without merit. The Civil Code (1910), § 5520, provides that "Suits between the same parties, arising under the same contract, involving the same pleas upon which the same verdict may be rendered, may be consolidated if the aggregate amount does not exceed the jurisdiction of the court." This section is of judicial origin, having been taken by the codifiers from the decisions in *Long* v. *Mechanics Bank*, 13 *Ga.* 201 (58 Am. D. 507), *Lewis* v. *Daniel*, 45 *Ga.* 124, and *Tarpley* v. *Corputt*, 65 *Ga.* 257. The rule is of humble origin, and at first was generally applied to proceedings in justices' courts. But at the time and before it was inserted into the Code of 1895, this court, in *Smith* v. *Dobbins*, 87 *Ga.* 303 (13 S. E. 496), speaking through Justice Samuel Lumpkin, had so largely extended the scope and increased the dignity of consolidation as to require the incorporation of the principle into the Civil Code of the State. The question is one of jurisdiction, and, as stated by Mr. Justice Lumpkin, "The doctrine is well established that equity will interfere to restrain the bringing of a multiplicity of suits when the rights of all concerned may be adjudicated without prejudice in a single proceeding, and there is no reason in principle why this rule should not be applied to cases already brought and pending by consolidating them into a single case." In the present instance the suit brought by Kendrick in the city court of Dublin against all three of the parties was already pending, and had been so pending for two terms, and the judge of the superior court in the order of consolidation merely transferred and assumed jurisdiction of the pending case. The provision of the Code, § 5601, as to making parties has no application to the facts of this case. All the parties in all three cases are or may be subject to the same liability to Kendrick. The original liability was due to the Dublin & Laurens Bank by the Dublin Veneer Company as principal, and C. T. Alexander as surety. The obligation of the Dublin Veneer Company and Alexander, with the security deeds given by the Veneer Company and Alexander to the Dublin & Laurens Bank, was transferred to the First National Bank of Dublin, but the status of the debtors, principal and security, was the same to the First National Bank of Dublin as it had been to the Dublin & Laurens Bank. The First National Bank of Dublin was placed in the hands of a receiver, and the original debt and the property by which it was secured fell to the receiver.

At this stage of the proceedings, at the insistence of C. T. Alexander, J. B. Kendrick was induced to "take up" the indebtedness, agreed upon as being a definite sum expressly named in dollars and cents, by purchasing the same from the receiver and having transferred to him all of the receiver's rights. There were other stipulations with reference to the payment of taxes, etc., but these were merely for Kendrick's protection. The common res in which all the parties are interested was the debt of the Dublin Veneer Company and the liability of C. T. Alexander and of his land which he had conveyed by deed to the Dublin & Laurens bank as security for the Dublin Veneer Company's debt. As one of the considerations moving Kendrick to take up the claim of the receiver, Paul W. Alexander, who appears as secretary of the Dublin Veneer Company, indorsed the obligation of the Dublin Veneer Company and of C. T. Alexander, securing his indorsement by the execution of a security deed conveying to Kendrick real estate owned by him. There seems to be no reason why the cases should not have been consolidated under the rule to which we have referred. To have declined to consolidate would have been to breed a multiplicity of suits. This is abhorrent to equity.

■ It is alleged in the second special ground of the motion for new trial that the court erred in forcing the Dublin Veneer Company, defendant in the city-court suit, to trial at the same time and term of court at which an order was taken consolidating said cause of action over protest of counsel, without issuing a rule nisi calling upon said Dublin Veneer Company to show cause why it should not be made a party, it appearing that the Dublin Veneer Company was named as a party in the cross-bill filed by J. B. Kendrick, and that specific relief was prayed against its property as set forth in said cross-petition; and because the motion of said Dublin Veneer Company to continue said case until the following term of court, at which it had a right to answer, was overruled. We know of no rule requiring a judge of the superior court to issue a rule nisi for the purpose of testing the jurisdiction of the court in the exercise of its power of consolidation in a proper case. The matter before the court was not one of making parties, but whether the court should take jurisdiction of the case pending in the city court of Dublin, in which the Dublin Veneer Company was already a defendant. As we have already stated that the Civil Code, § 5601,

has no application to the court's exercise of its jurisdiction for the consolidation of cases, there is no question as to making parties involved. In other words, each and all the cases sought to be consolidated already included all necessary parties. In the language of § 5601, "Where for any cause it *becomes necessary or proper to make parties,* the judge shall cause a rule to be prepared, signed by him, either in term time or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule may be heard in term or vacation." However, even if the Dublin Veneer Company had the right to make a motion for a continuance, the court did not err in overruling the motion "to continue said case until the following term at which it had a right to answer." It does not appear how the Dublin Veneer Company was injured, or that it was injured, by reason of the fact that the continuance was not granted.

■ The third special ground of the motion for new trial alleges that "there were no pleadings authorizing judgment against the said Paul W. Alexander for taxes and interest thereon, and cost of advertising his property for sale under power of sale." Complaint as to rulings of the trial court upon the pleadings are not proper grounds of a motion for new trial, and alleged errors in rulings upon the pleadings can not be reviewed by motion for new trial. As said by Judge Lumpkin in *Sutton* v. *McLeod, 29 Ga.* 589, 594, in ruling upon a well-established principle different from that now before us, "This principle is hoary with age. We bow to it reverently."

■ The rulings contained in headnotes 4, 5, 6, and 7 require no elaboration. *Judgments affirmed. All the Justices concur.*