HARTSFIELD COMPANY *v.* WILLIS *et al.*

BELL, Justice. 1. The plaintiff sought, among other things, to recover a sum of money alleged to have been paid to the defendant, in excess of the principal amount of a loan claimed by the plaintiff to have been usurious and to have been renewed several times at usurious rates; the

amount sued for being limited to excess payments alleged to have been made within one year next before suit. The petition alleged the time when the original loan was made and when it was payable, the date, amount, and maturity of each renewal, the amount of usury charged in each instance, and the dates and amounts of payments. *Held*, that the petition was not subject to general demurrer on the ground that it did not comply with the law as to what must be alleged in order to recover in such case. Code, § 81-901; *Kilcrease* v. *Johnson*, 85 *Ga.* 600 (11 S. E. 870); *Alexander* v. *Forman*, 25 *Ga. App.* 446 (103 S. E. 817). The petition stated a cause of action for a money judgment based on overpayment of principal. it appearing from the allegations that all interest was forfeited because of usury. Code, §§ 57-112; 57-115; *Reconstruction Finance Corporation* v. *Puckett*, 181 *Ga.* 288 (181 S. E. 861, 101 A. L. R. 735).

2. The petition prayed for injunction to restrain the defendant from instituting a threatened trover action, and for cancellation of a note and bill of sale. The defendant demurred generally, objecting that the petition did not state a cause of action and showed upon its face that the plaintiff had a complete and adequate remedy at law and was not entitled to equitable relief. The demurrer, being thus addressed to the petition as a whole, and not attacking any particular allegation or prayer, was too general and indefinite to raise any question as to whether the petition stated a cause of action for the equitable relief sought; and accordingly this question will not be decided. But see *Lee* v. *King*, 142 *Ga.* 609 (6) (83 S. E. 272); *Calhoun* v. *Davis*, 163 *Ga.* 760 (137 S. E. 236); *Lawrence* v. *Patterson*, 170 *Ga.* 419 (2) (153 S. E. 29); *American Security Co.* v. *Miller.* 173 *Ga.* 82 (159 S. E. 692); *American Security Co.* v. *Sealey*, 173 *Ga.* 754 (161 S. E. 253); *Straub* v. *First Mutual B. & L. Asso.*, 178 *Ga.* 672 (173 S. E. 714); *Jones* v. *Equitable Loan Co.*, 179 *Ga.* 228 (175 S. E. 554); *Nash Loan Co.* v. *Dixon*, 181 *Ga.* 297 (4), 303 (182 S. E. 23); *Kent* v. *Citizens Mutual Investment Association*, 186 *Ga.* 91 (2) (196 S. E. 770).

3. The petition was not subject to a further ground of demurrer contending that it appeared from the allegations that the plaintiff was indebted to the defendant in a stated sum.

4. Since a petition is not subject to general demurrer if it states a cause of action for any of the relief sought, whether legal or equitable. and since the petition here stated a cause of action at least for a money judgment, it was not subject to dismissal on general demurrer attacking it as a whole, for any of the reasons indicated. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333); *Hogan* v. *Cowart*, 182 *Ga.* 145 (3-c) (184 S. E. 884). *Judgment affirmed. All the Justices concur.*

No. 13711. MAY 17, 1941.

*Robert T. Efurd* and *Mose S. Hayes*, for plaintiff in error. *Victor K. Meador*, contra.