McGILL *et al.* v. DOWMAN.

358

No. 14323.   JANUARY 14, 1943.   REHEARING DENIED FEBRUARY 12, 1943.

362

Scott, Dunaway, Riley & Wiggins, John E. Frankum, and Thad L. Bynum, for plaintiffs in error.

E. D. Kenyon, A. C. Wheeler, and Holden & Smith, contra.

JENKINS, Justice. ■ Even though a plaintiff might not be entitled to equitable relief under his averments or prayers, the petition should not be dismissed on general demurrer if it states a cause of action good at law, since in such a case he would be entitled to prove and enforce his strictly legal rights and remedies according to the rules of law. Latham v. Fowler, 192 Ga. 686, 690 (16 S. E. 2d, 591), and cit. Accordingly, since the original petition against a husband and wife was an action of ejectment in the usual form, to which there was no demurrer, the suit was maintainable irrespective of the merits of the general demurrer of the defendants to an equitable amendment seeking to consolidate the defendant wife's appeal in the same court in a subsequent processioning proceeding brought by her, on the ground that the plaintiff showed an adequate remedy at law and no basis for the equitable relief prayed.

(a) The judgment entered on the jury's verdict for the plaintiff only fixed the dividing line and ownership of the disputed tract,

without granting an injunction. Therefore the question raised by the demurrer to the amendment, that it showed no basis for an injunction, is moot.

(b) There is no merit in the grounds of demurrer to the amendment, that a consolidation of the plaintiff's ejectment suit against the husband and wife, and of the wife's appeal to the same court from the processioners' return in the court of ordinary, would be improper, and would be a misjoinder of parties, because the husband was not a party to the wife's appeal—since the question as to the boundary line was the one controlling issue in both cases, and the wife as owner of the title and the husband as head of the family were the sole defendants in the ejectment suit, which was first filed. This is true since the ejectment suit was brought to determine, not only the proper line, but title and possession of the disputed tract; and the court had no jurisdiction in the processioning proceeding alone to adjudge the title or grant a writ of possession. See *Byrd* v. *McLucas,* 194 *Ga.* 40 (20 S. E. 2d, 597), and cit.; *Kidd* v. *Finch,* 188 *Ga.* 492, 496 (4 S. E. 2d, 187); *Dublin Veneer Co.* v. *Kendrick,* 179 *Ga.* 237, 244 (175 S. E. 687); *Sanders* v. *Wilson,* 193 *Ga.* 393, 396 (18 S. E. 2d, 765), and cit.; Code, § 3-112.

2. "'An unascertained or disputed boundary line between coterminous proprietors may be established, (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line, or is otherwise duly executed; or (2) by acquiescence for seven years by the acts or declarations of the owners of adjoining land, as provided in the Civil Code, § 3247' (1933, § 85-1602).. . . 'In order that a line may be established by acquiescence for seven years by the acts or declarations of the owners of adjoining land, it is not essential that the acquiescence be manifested by a conventional agreement. . . When a line has been located by an executed parol agreement between the coterminous proprietors, or established by seven years acquiescence as provided by the Civil Code, . . the line thus located and established is binding on the grantees of the coterminous proprietors.'" *Lockwood* v. *Daniel,* 193 *Ga.* 122 (17 S. E. 2d, 542), and cit.; *Osteen* v. *Wynn,* 131 *Ga.* 209 (3, 4) (62 S. E. 37, 127 Am. St. R. 212); *Bradley* v. *Shelton,* 189 *Ga.* 696 (4, a) (7 S. E. 2d, 261), and cit.; *Tietjen* v. *Dobson,* 170 *Ga.* 123 (3), 126 (152 S. E. 222, 69 A. L. R. 1408); *Robertson* v. *Abernathy,* 192 *Ga.* 694 (3), 697 (16 S. E. 2d, 584).

■ Under the last preceding rules, and uncontradicted evidence as to acquiescence for more than seven years in the boundary line contended for by the plaintiff, between the predecessors in title of the present parties before the defendant wife obtained her deed in 1936, the verdict for the plaintiff was demanded. See *Foster* v. *Thomas*, 193 *Ga.* 823 (20 S. E. 2d, 80). The testimony of the common grantor of the present parties, and of another witness who helped him run the original line, was undisputed as to their running the line to the northern boundary of both lots from a marked maple corner over the roots of a poplar tree on its west side, instead of on its east side as contended by the defendants; and as to the pointing out of this line by the original grantor to plaintiff's deceased husband, the first grantee from whom she took title; and as to the acquiescence of both the original grantor and his grantee in such line from 1924 until 1927, when the grantor sold the adjoining lot to the defendant wife's predecessor in title. The evidence was also undisputed as to the pointing out of the same boundary line by the common grantor to such second grantee at the time the deed was executed to him in 1927; and as to the continued acquiescence between this second grantee and the plaintiff and her husband, until this owner of the adjoining lot sold it to the defendant wife in 1936, in the line as contended for by the plaintiff in her suit, by the declarations of both the wife's grantor and the plaintiff and her husband recognizing such line, and by the acts of the plaintiff, without objection from the wife's grantor, enclosing part of the now disputed land as a garden and using part as a parking lot.

■ The verdict for the plaintiff being demanded, it is unnecessary to consider special exceptions to the refusal to give the defendant wife the opening and concluding argument, to the admission of evidence, and to the giving of certain instructions to the jury.

*Judgment affirmed. All the Justices concur.*