33088. PICKENS INVESTMENT COMPANY *et al. v.* JONES *et al.*

Decided November 22, 1950. Rehearing denied December 15, 1950.

*H. C. Holbrook,* for plaintiffs in error.

*Israel Katz, Samuel L. Eplan,* contra.

MacIntyre, P. J. (After stating the foregoing facts.) The petition as amended is one in which the petitioners seek to recover payments in excess of the $1500 purchase-price of the property here involved, less such payments made more than one year previous to October 6, 1940, which the court on demurrer held to be barred by the statute of limitations. The amended prayer was, accordingly, for $1065, and this amount is sought to be recovered on the theory that the contract, Exhibit "B," was a usurious one and all interest therein calculated and paid was forfeited.

The court, in passing upon the general ground of demurrer which it sustained, was evidently of the opinion that the contract just mentioned, without more, showed as a matter of law that it was not usurious, it appearing on its face to be an agreement separate and distinct from the initial contract evidenced by Exhibit "A." But after the petition was amended in the respects shown in portions 5 (a), 5 (b), 5 (c) and 5 (d) the court then overruled the grounds of general demurrer. The correctness of this action is here questioned, and the answer will also dispose of the grounds of demurrer designated hereinbefore as (a), (b), (c), (d), (f), (h), (i), (n) and (r).

"Usury is the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." Code, § 57-102. See also *Sledd* v. *Pilot Life Ins. Co.,* 52 *Ga. App.* 326 (1 ) (183 S. E. 199). "The legal rate of interest shall be seven per centum per annum, where the rate per centum is not named in the contract, and any higher rate must be specified in writing, but in no event shall any person, company or corporation reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Code, § 57-101. See also *Kent* v. *Hibernia Savings &c. Assn.,* 190 *Ga.* 764, 765(2) (10 S. E. 2d, 759). Where usury is shown, the entire amount of interest is forfeited. Code, § 57-112;

*Stewart* v. *Miller,* 161 *Ga.* 919 (2) (132 S. E. 535); *Reconstruction Finance Corp.* v. *Puckett,* 181 *Ga.* 288 (181 S. E. 861); *Padgett* v. *Jones,* 34 *Ga. App.* 244 (1) (129 S. E. 109). If it is apparent on the face of the contract, the court may declare it to be usurious, but if doubtful the question must be resolved by the jury. *Atlanta Savings Bank* v. *Spencer,* 107 *Ga.* 629 (4) (33 S. E. 878); *Virginia-Carolina Co.* v. *Provident Society,* 126 *Ga.* 50 (6) (54 S. E. 929); *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (2) (132 S. E. 221); *Simpson* v. *Charters,* 185 *Ga.* 592, 600 (196 S. E. 31). The petition as amended shows that, in pursuance of the option clause in the initial contract, Exhibit "A," whereby the lease property could be purchased for $1500 at 6 percent interest per annum, payable at the rate of $15 per month in advance, plus taxes and insurance, the petitioners elected to exercise this right. A contract, Exhibit "B," was then entered into, purporting to carry out such option. This contract, which is attacked as usurious, provided for the payment of $15 cash and 360 payments of $7.50 each, making a total sum of $2715. Manifestly this represents a usurious contract if, as the petitioners were informed, it was intended to provide for the payment of the purchase-price of $1500 with interest. While it is provided by the Code, § 57-116, as amended by the act of 1937 (Ga. L. 1937, p. 463), as shown in the supplement to the Annotated Code, that "Any person, natural or artificial, in this State, lending money to be paid back in monthly, quarterly, or yearly installments, may charge interest thereon at six percent per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly or yearly installments, and may take security therefor by mortgage with waiver of exemption or title or both, upon and to real estate or personal property or both, and the same shall be valid for the amount of the principal and interest charged; and such contract shall not be held usurious," it was held in *Graham* v. *Lynch,* 206 *Ga.* 301 (57 S. E. 2d, 86), that these provisions apply only to lending money and "are not applicable where realty is purchased, the purchaser is given a warranty deed and simultaneously executes notes and a security deed to the seller." In that case the plaintiff paid in cash $1950 on the purchase-price of $5750 for de-

scribed realty, leaving a balance of $3800. The seller calculated interest at 5 percent for 10 years on $3800 and added this $1900 thereto, making a total of $5700, for which 120 notes at $47.50 each were executed. After paying 33 of these notes, totaling $1567.50, at the time of the filing of the suit, the purchaser contended that all of the interest was forfeited as usurious and that this amount should be applied against the balance of the purchase-price, namely, $3800, leaving $2232.50 which he had tendered to the seller with 7 percent interest and continued to tender. Judgment was sought declaring the interest forfeited and awarding attorney's fees. The court held: "Code (Ann. Supp.), § 57-116, authorizing interest to be computed in a manner that would exceed eight percent applies only to 'lending money;' and where, in a sale of realty for a cash price, the interest is computed in accordance with the above Code section so as to amount to more than eight percent, it is usurious and all interest is forfeited." In the present case the purchase-price, according to the contract, Exhibit "A," was $1500 with interest at 6 percent on deferred payments of $15 per month. The purchaser was also to pay taxes and insurance. The contract, Exhibit "B," which it is alleged the corporation's agent asserted was prepared to carry out the option agreement, required the plaintiffs to pay $15 cash and 360 payments of $7.50 each every two weeks, commencing November 16, 1940, a total of $2715, and it was stated that, after the specified cash payment of $15, it represented the $1500 purchase-price named in the contract evidenced by Exhibit "A," plus 6 percent added-in interest for a period of 15 years, or 90 percent interest, amounting to $1200, making a total of $2700.

The petition as amended sufficiently pleads usury: (1) The sum upon which paid ($1500); (2) the time when the contract was made; (3) when payable; and (4) the amount of usury agreed upon, $1200. Code, § 81-901; *Lee* v. *King*, 142 *Ga.* 609 (1) (83 S. E. 272); *Dublin Veneer Co.* v. *Kendrick*, 179 *Ga.* 237 (6) (175 S. E. 687); *Hartsfield* v. *Willis*, 192 *Ga.* 219 (1) (14 S. E. 2d, 735); *Chatham Finance Co.* v. *Eitel*, 66 *Ga. App.* 643 (1) (19 S. E. 2d, 54). The petition showed that $1865 was paid on the original purchase-price of $1500 prior to October 6, 1948, representing a usurious over-payment of $365, but the court on

demurrer struck as uncollectible all but $45, which, with payment of $1020 on or about January 15, 1949, made a total of $1065 sought to be recovered. A jury question was properly presented by the petition as amended, and the court did not err in overruling the grounds of demurrer above mentioned.

The ground designated as (e) hereinbefore, challenging the allegations as to entering into a contract evidenced by Exhibit "A," on the ground that they are irrelevant to the relief sought, is plainly without merit. These allegations were necessary in order to show the agreed purchase-price of $1500 and then demonstrate by other allegations and the Exhibit "B" that usurious terms were imposed upon the plaintiffs.

Grounds designated as (g), (j), (m) and (q) challenge certain allegations on the ground that they seek to add to, vary, and contradict the terms of a valid written contract between the parties. While it is well established that parol evidence can not be used to add to or change the terms of a *valid* written contract, the rule does not apply to a contract which is usurious and, therefore, invalid. *Lytle* v. *Scottish American Co.*, 122 *Ga.* 458 (6) (50 S. E. 402); *Manget Realty Co.* v. *Carolina Realty Co.*, 169 *Ga.* 495, 508 (150 S. E. 828); *McDaniel* v. *Bank of Bethlehem*, 22 *Ga. App.* 223, 233 (95 S. E. 724). The allegations here were pertinent to show that the contract, Exhibit "B," was tainted with usury. The law abhors such an exaction, and seeks to prevent it under any pretense or contrivance whatsoever. *McGehee* v. *Petree*, 165 *Ga.* 492 (1) (141 S. E. 206). "No scheme or device has yet been invented, the substantial effect of which is to violate the usury laws of this State, that the courts have not condemned as such." *Gunnels* v. *Atlanta Bar Association*, 191 *Ga.* 366, 381 (12 S. E. 2d, 602). As tersely stated by Bleckley, J., in *Pope* v. *Marshall*, 78 *Ga.* 635, 640: "No disguise of language can avail for covering up usury, or glossing over an usurious contract. The theory that a contract will be usurious or not according to the kind of paperbag it is put up in, or according to the more or less ingenious phrases made use of in negotiating it, is altogether erroneous. The law intends that a search for usury shall penetrate to the substance." It is upon this philosophy of the law that parol evidence may be admitted, under the allegations here made, to shatter the pretenses of the agreement evidenced by Exhibit "B."

The grounds designated as (k) and (l), contending that the court has no jurisdiction to reform the contract, and, therefore, no judgment could be rendered is without merit and based upon a misapprehension. No attempt is sought to reform the contract, Exhibit "B." It is set forth merely to show its terms and then by parol evidence to expose its usuriousness.

The ground designated as (p) is insufficient as the special demurrer fails to point out wherein the allegations are irrelevant and prejudicial, and it is apprehended that no valid reason could be assigned.

Ground (s) complaining that the allegations of the portion 5(d) of the petition as amended, except the language mentioned in this ground; are merely conclusions of the pleader is without merit.

Ground (t) complaining that the allegation, "and defendants accepted the monies from time to time tendered by plaintiffs in discharge of the purchase price of said lot No. 48," is too vague and indefinite, in that it does not show what amounts were tendered to each of the defendants and the separate amounts paid to each, is without merit. The petition shows that these defendants were acting in concert in receiving the usurious payments and were properly joined as defendants.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*