### 18650. WALTON *v.* JOHNSON.

CANDLER, Justice. On November 6, 1952, and "for value received," H. G. Walton sold and by a written instrument assigned and transferred to Herbert Johnson 95 shares of common stock in a corporation known as Kirkwood Courts Apartments, Inc., each share having a par value of $100. Walton later instituted bail trover in the Civil Court of Fulton County against Johnson to recover the stock, alleging that its sale was void for want of any consideration. Subsequently, Johnson filed in the Superior Court of DeKalb County against Walton an equitable suit, the allegations of which are in substance as follows: The defendant Walton is indebted to him in the principal sum of $19,837.89, besides $6,166.74 as interest to the date of his suit and $2,162.00 as attorney fees, on certain promissory notes and on an account for legal services rendered him. The 95 shares of stock were assigned and transferred to him by Walton as security for the payment of that existing indebtedness. As a matter of law, his claim against Walton cannot be asserted and established in the trover action which is pending in the Civil Court of Fulton County. Walton is insolvent and should be enjoined from prosecuting his pending action in the Civil Court of Fulton County; and, in order to prevent a multiplicity of suits, he should be required to assert his claim in this equitable proceeding, and there is a prayer for such relief and also a prayer for a judgment against Walton for principal, interest, and attorney fees. Walton demurred to the petition generally on the grounds: (1) that it failed to state a cause of action for equitable relief; (2) that the respective claims of the parties are purely legal ones, over which a court of law has jurisdiction; and (3) that Johnson had an adequate and complete remedy at law, since it is only necessary for him to allege and prove in the trover action that the stock was assigned and transferred to him as security for the payment of an indebtedness which has not been satisfied. By his answer to the petition, Walton admitted the assignment and transfer of his stock to Johnson, denied all other

substantial allegations of the petition, and averred that Johnson was indebted to him in the sum of $3,896.84 as an over-payment of an indebtedness which he originally owed Johnson, and he asked for a judgment against Johnson for that amount. At an interlocutory hearing and after the parties had submitted their evidence, the court granted a temporary injunction and overruled the defendant's demurrers. The defendant excepted. *Held:*

1. As shown by our statement of the case, Walton's action in the Civil Court of Fulton County is a trover suit. The gist of that action is conversion. *Southern Express Co.* v. *Sinclair,* 130 *Ga.* 372 (60 S. E. 849). It is one brought against a wrongdoer and sounds in tort. To such an action no counterclaim arising ex contractu is ordinarily permitted; and this is true because the two claims are not of a similar nature. *Powers* v. *Wren,* 198 *Ga.* 316 (31 S. E. 2d 713). While Johnson could defend the trover suit by showing that Walton assigned and transferred the stock certificates to him for the purpose of securing an existing indebtedness which has not been paid, yet he could not in that proceeding obtain a judgment against Walton for the debt claimed to be due him, and it is the policy of the law, when legally permissible, to settle all issues between litigants in one and the same proceeding; it being considered advantageous both to the litigants and to the public to do so.

2. The doctrine is well established that equity will interfere to restrain the bringing of a multiplicity of suits when the rights of the parties concerned may be adjudicated without prejudice in a single proceeding, and Code § 3-112, provides that "Suits between the same parties, arising under the same contract, involving the same pleas and upon which the same verdict may be rendered, may be consolidated if the aggregate amount shall not exceed the jurisdiction of the court." See, in this connection, *Dublin Veneer Co.* v. *Kendrick,* 179 *Ga.* 237 (175 S. E. 687), and citations. In the instant case, according to the allegations of the petition, the parties have been dealing with each other extensively over a period of many years. Johnson claims that Walton owes him a large sum of money, and is insolvent. Walton insists that he owes Johnson nothing. On the trial, since their business transactions have been numerous and are somewhat complicated, the introduction of much evidence by each of the parties will unquestionably be necessary. Walton's contention in the trover suit and his defense in the equity action will be the same. No prejudice to the rights of either party will result from a a trial in the equitable proceeding instituted by Johnson, and by a verdict in that case the entire controversy between the parties can be settled once and for all.

3. For the reasons above stated, we hold that the trial judge did not err in overruling Walton's general demurrers to the petition nor abuse his discretion in granting a temporary injunction.

*Judgment affirmed. All the Justices concur.*

Submitted July 13, 1954—Decided September 13, 1954.

*Jack Broyles, George B. Rush,* for plaintiff in error.
*Henry M. Hatcher, Jr., Johnson, Hatcher & Meyerson,* contra.