35712.   CLARK *et al. v.* ASSOCIATES DISCOUNT CORP.

DECIDED SEPTEMBER 9, 1955.

*William B. Jones,* for plaintiffs in error.
*Levy, Buffington & Levy,* contra.

QUILLIAN, J.   It is conceded by counsel for the defendants that, since the plaintiff was apparently the holder in due course of the note, the defendants could not defend the action on the ground that the consideration for which the note was given failed, unless their pleadings further disclosed facts showing that the plaintiff was not in fact the holder in due course.   The pleadings show simply that the note was on a form furnished by the plaintiff, and was made payable to its offices or place of business.   That a note

584

is taken on a form furnished by an indorsee, and made payable at its offices, does not without more show notice to the indorsee of any infirmity in the instrument or defect in the title thereto, so as to affect the indorsee's status as a holder in due course of the instrument.

The plea of usury in this case is subject to the criticism that it alleges that the amount upon which usury was to be charged was $707.60, and also avers that this amount was to be paid in 18 monthly payments of $38.35, which, of course, aggregates $690.30. However, the plea further alleged: "The amount of usury agreed upon to be paid and included in the note sued on is $120.57." A plea of usury is not subject to general demurrer if it furnishes a factual basis upon which the court and jury may by calculation determine whether the amount reserved or charged as interest is greater than is lawful. If it does this, it meets the requirements of Code § 57-103 which prescribes the essential allegations of a plea of usury. *Pickens Investment Co.* v. *Jones,* 82 *Ga. App.* 850 (62 S. E. 2d 753). What is held here is in harmony with the holding in *Burnett* v. *Davis & Co.,* 124 *Ga.* 541, 543 (52 S. E. 927). Obviously the amount of $120.57 would be a usurious charge of interest for the loan of $707.60 or that of $690.30 over a period of 18 months. So, while the plea was subject to a special demurrer, it was sufficient to meet the requirement of Code § 57-103 and should not have been stricken on general demurrer.

Usury is a species of fraud. It infects a negotiable instrument with a taint that is not eradicated by negotiation to a holder in due course.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*